EX PARTE HUNT

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-058-CR

        
2-04-059-CR

         2-04-060-CR

         2-04-061-CR

         2-04-062-CR

EX PARTE 

ROBERT TERRY HUNT 

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

This is an appeal from the denial of habeas corpus relief requesting bond reduction.  
In two points, appellant 
Robert Terry Hunt
 complains that the trial court erred by refusing to reduce his bail because the amounts were excessive and the evidence was insufficient to sustain the amounts.
  We affirm.

Facts

In January 2004, appellant was indicted for four capital murder offenses and the separate offense of conspiracy to commit a murder that occurred in 1979.  The trial court set bond at $750,000 (capital murder of Cecil
 Lancaster
 during the course of a robbery in cause 0911239D); $500,000 (capital murder of Geraldine Lancaster during the course of a robbery in cause 0919127D); $500,000 (capital murder for hire of Cecil and Geraldine Lancaster by employing H. Pelayo in cause 0919128D); $500,000 (capital murder for hire of Cecil and
 Geraldine Lancaster
 by employing E. Harris in cause 0919129D); and $250,000 (conspiracy to commit the murder of Cecil Lancaster
 in cause 0919139D).  Appellant challenged the amount of the bonds at a habeas corpus hearing.  

At the hearing, appellant’s sister, Judy Davis, testified on his behalf.  Davis testified that appellant was in poor health and suffered from a tail bone injury, high blood pressure and an erratic heartbeat.  She stated that appellant lives in Hobbs, New Mexico and works as a truck driver for her husband’s business.  Appellant did not have the money to pay the current bonds himself, nor would he be able to pay a reduced bond.  Davis and her husband could post the bonds if they were reduced to $10,000 in each case.  The trial court denied bail reduction in all cases.  Appellant remains confined in the Tarrant County Jail pending this appeal.
 

Discussion

“‘Bail’ is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond.”  
Tex. Code Crim. Proc. Ann
. art. 17.01 (Vernon 1977).  “A ‘bail bond’ is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation.”  
Id. 
art. 17.02.  Article 17.15 of the Texas Code of Criminal Procedure provides a statutory framework for setting a defendant's bond: 

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with. 

2.  The power to require bail is not to be so used as to make it an instrument of oppression. 

3.  The nature of the offense and the circumstances under which it was committed are to be considered. 

4.  The ability to make bail is to be regarded, and proof may be taken upon this point. 

5.  The future safety of a victim of the alleged offense and the community shall be considered. 

Id. 
art. 17.15 (Vernon Supp. 2004).  

We review the trial court's denial of a bond reduction request under an abuse of discretion standard.  
See Ex parte Rubac
, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); 
Ex parte Brown
, 959 S.W.2d 369, 372 (Tex. App.—Fort Worth 1998, no pet.); 
see also 
Tex. Code Crim. Proc. Ann
. art. 17.15 (giving trial court discretion to set amount of bond); 
Short v. State
, 923 S.W.2d 168, 168-69 (Tex. App.—Fort Worth 1996, no pet.) (applying abuse of discretion standard to review of trial court’s decision to deny bail under former code of criminal procedure article
 44.04(g) (now 44.04(c)). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. 
 Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id.
 

The primary purpose of an appearance bond is to secure the presence of the defendant at trial on the offense charged.  
Ex parte Vasquez
, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); 
Ex parte Scott
, 122 S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.).  Bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression.  
Scott
, 
122 S.W.3d 868. 
 In a habeas proceeding, appellant bears the burden of proof to show that the bail, as set, is excessive.  
Rubac
, 611 S.W.2d at 849.  

Additionally, in determining the amount of the bond, the court should also consider factors such as the accused's work record, family ties, length of residency, prior criminal record, conformity with the conditions of any previous bond, the existence of outstanding bonds, and any aggravating circumstances alleged to have been involved in the charged offense.  
Id.
 at 849-50; 
Brown
, 959 S.W.2d at 372.  The accused’s potential sentence and the nature of the crime are also primary factors to be considered.  
Hughes v. State
, 843 S.W.2d 236, 237 (Tex. App.—Houston [14
th
 Dist.] 1992, no pet.)

Nature of the Offense

The nature of the offense and the circumstances surrounding the offense are significant factors in determining what constitutes reasonable bond.  
Tex. Code Crim. Proc. Ann.
 art. 17.15(3); 
see Ex parte Davila
, 623 S.W.2d 408, 410 (Tex. Crim. App. [Panel Op.] 1981).  In considering the nature of the offense, it is proper to consider the possible punishment.  
Vasquez
, 558 S.W.2d at 479-80.  

Here, appellant is charged with four different capital murder offenses and the separate offense of conspiracy to commit murder.  
See 
Tex. Penal Code Ann.
 § 15.02 (Vernon 2003), § 19.03 (Vernon Supp. 2004).  Although the circumstances surrounding the offenses were not developed at the habeas hearing, capital murder during the commission of a robbery, capital murder for hire, and conspiracy to commit murder are all violent crimes.  Capital murder is punishable by death or imprisonment for life.
  Id.
 § 19.03(b).  When such severe punishment is a possibility, bail must be sufficient to secure the presence of the defendant at trial.  
Ex parte Hulin
, 31 S.W.3d 754, 760 (Tex. App.—Houston [1
st
 Dist.] 2000, no pet.).  Given the serious nature of the offenses and the potential for a lengthy sentence, the trial court could properly have concluded that the amounts of the bonds were reasonable.  
See Scott
, 
122 S.W.3d at 869-70.

Ability to Make Bond

When determining the appropriate amount of bond, the trial court may also consider the accused’s ability to make bond.  
Tex. Code Crim. Proc. Ann.
 art. 17.15(4); 
Scott
, 
122 S.W.3d at 870.
  At the bond hearing, Davis was the only witness to testify and she testified about appellant’s inability to make bond.  She stated that she and her husband had the ability to pay a reduced bond on behalf of appellant.  However, appellant introduced no evidence supporting Davis’s claim that appellant was unable to make the bonds or that he had made any efforts himself to secure any bonds that were denied.  

The ability or inability of an accused to make bail does not alone control in determining the amount of bail.  
Ex parte Branch
, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977).  If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the position to determine what his bond should be.  
Id.
; 
Ex parte Miller
, 631 S.W.2d 825, 827
 (Tex. App.—Fort Worth 1982, pet. ref’d).  Because appellant demonstrated no evidence supporting his inability to make bond himself or efforts to secure bond himself, the trial court could properly have concluded that the amounts of the bonds were reasonable under the circumstances.
  See Scott
, 
122 S.W.3d at 870.

Community Ties

Courts may also consider an accused's work record, family ties, and length of residency to determine what constitutes reasonable bond. 
 Rubac
, 611 S.W.2d at 849.  Appellant does not reside in this jurisdiction.  He is a resident of Hobbs, New Mexico and has lived there for the last twenty-five years.  Appellant has few ties to the area other than one brother who lives in Rockport, Texas.  Additionally, appellant’s work as a truck driver causes him to often travel from place to place.  Based on the lack of evidence regarding appellant's ties to the community, the trial court could have concluded that his community ties were insufficient to assure his appearance at trial.  
See, e.g.,
 
Brown
, 959 S.W.2d at 373 (holding that bail of $500,000 for alleged capital murder was not excessive, where defendant faced life imprisonment or death penalty, and defendant did not have any close ties to community to assure his appearance at trial).  

Conclusion

In light of the serious and violent nature of the alleged crimes, appellant’s failure to attempt to secure the bonds for himself, and the fact that appellant is not a resident of this jurisdiction and has few ties to the community, we hold that the trial court did not act arbitrarily or unreasonably by denying a reduction in the amounts of appellant’s bonds.  Additionally, appellant has failed to show that the bonds were excessive in relation to the crimes alleged.  
See id.
  Because we hold that the trial court did not abuse its discretion in denying appellant’s request for bond reduction, we overrule both of appellant’s points and affirm the trial court’s orders denying habeas corpus relief.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

PUBLISH

DELIVERED:  May 27, 2004