COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-229-CR

 

 

EX PARTE 

 

ELIGAH DARNELL, JR.

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Eligah Darnell, Jr. was indicted for
failing to register as a sex offender. 
He filed a pro se motion to dismiss the indictment.  The trial court heard Appellant=s
various claims, including double jeopardy and ex post facto complaints
challenging the trial court=s
authority to subject him to trial on the merits of his case.  After hearing argument and taking judicial
notice of the contents of the court file, the trial court denied Appellant
relief.








Appellant argues on appeal that the trial court
abused its discretion by denying his claims. 
He argues that the double jeopardy clause and the ex post facto clause
are implicated by his indictment for failing to register as a sex
offender.  He also contends that the
trial court abused its discretion by denying his request for a reduction in
bail.








Appellant=s
primary argument is that, by being required to register as a sex offender, he
is being subjected to the possibility of multiple punishments for the offense
for which he has already been tried and convicted.  Consequently, he argues, he is being
subjected to both double jeopardy and to punishment under an ex post facto
law.  The Texas Court of Criminal Appeals
has already held that the sex offender registration requirement is civil and
remedial in nature and that it does not constitute punishment.[2]  The Texas Court of Criminal Appeals has also
already held that because the sex offender registration statute is essentially
remedial in nature, its application to a particular defendant does not violate
the ex post facto clause of the state and federal constitutions.[3]  We therefore hold that Appellant may be tried
for his failure to register as a sex offender without implicating either his
rights to be free from double jeopardy or the ex post facto clauses of the
state and federal constitutions and overrule these complaints.

Appellant
also argues that because his original offense, indecency with a child, was not
classified as a violent felony for purposes of the mandatory supervision
statute, it cannot now be classified as a sexually violent offense for purposes
of the sex offender registration statute.[4]  The legislature has delineated those offenses
that subject a person to the requirements of registration.[5]  The legislature has specifically designated
indecency with a child as a reportable conviction.[6]  We therefore overrule this complaint.

Finally,
our review of the record does not show that the trial court abused its
discretion by denying a bail reduction.[7]  We therefore overrule that complaint.








Because
we hold the trial court did not abuse its discretion in denying Appellant the
relief he sought, we overrule all of Appellant=s
complaints on appeal and affirm the trial court=s denial
of all habeas relief.

 

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
April 9, 2009











[1]See Tex. R. App. P. 47.4.





[2]Rodriguez v. State, 93 S.W.3d 60, 79 (Tex.
Crim. App. 2002).





[3]Id.





[4]See Tex. Code Crim. Proc.
Ann. art. 62.001(6)(A) (Vernon 2006) (including indecency with a child within
the definition of Asexually violent offense@ for purposes of sex
offender registration).





[5]Id. art. 62.001(5).





[6]Id. art. 62.001(5)(A)
(including indecency with a child as a reportable conviction); see arts.
62.051(a) (requiring a person who has a reportable conviction to register as a
sex offender); 62.101(a)(1) (providing that duty to register expires upon death
of person with a reportable conviction for a sexually violent offense).





[7]See Ex parte Hunt, 138 S.W.3d 503, 506
(Tex. App.CFort Worth 2004, pets.
ref=d) (stating that for
habeas relief, appellant bears burden to show that bail is excessive and that A[b]ecause appellant
demonstrated no evidence supporting his inability to make bond himself or
efforts to secure bond himself, the trial court could properly have concluded
that the amounts of the bonds were reasonable under the circumstances@).