

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-229-CR

EX PARTE

ELIGAH DARNELL, JR.

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Eligah Darnell, Jr. was indicted for failing to register as a sex offender. He filed a pro se motion to dismiss the indictment. The trial court heard Appellant's various claims, including double jeopardy and ex post facto complaints challenging the trial court's authority to subject him to trial on the merits of his case. After hearing argument and taking judicial notice of the contents of the court file, the trial court denied Appellant relief.

---

[1] *See* Tex. R. App. P. 47.4.

Appellant argues on appeal that the trial court abused its discretion by denying his claims. He argues that the double jeopardy clause and the ex post facto clause are implicated by his indictment for failing to register as a sex offender. He also contends that the trial court abused its discretion by denying his request for a reduction in bail.

Appellant's primary argument is that, by being required to register as a sex offender, he is being subjected to the possibility of multiple punishments for the offense for which he has already been tried and convicted. Consequently, he argues, he is being subjected to both double jeopardy and to punishment under an ex post facto law. The Texas Court of Criminal Appeals has already held that the sex offender registration requirement is civil and remedial in nature and that it does not constitute punishment.[2] The Texas Court of Criminal Appeals has also already held that because the sex offender registration statute is essentially remedial in nature, its application to a particular defendant does not violate the ex post facto clause of the state and federal constitutions.[3] We therefore hold that Appellant may be tried for his failure to register as a sex offender without implicating either his rights to be free from double jeopardy or the ex post facto clauses of the state and federal

---

[2] *Rodriguez v. State*, 93 S.W.3d 60, 79 (Tex. Crim. App. 2002).

[3] *Id.*

2

constitutions and overrule these complaints.

Appellant also argues that because his original offense, indecency with a child, was not classified as a violent felony for purposes of the mandatory supervision statute, it cannot now be classified as a sexually violent offense for purposes of the sex offender registration statute.[4] The legislature has delineated those offenses that subject a person to the requirements of registration.[5] The legislature has specifically designated indecency with a child as a reportable conviction.[6] We therefore overrule this complaint.

Finally, our review of the record does not show that the trial court abused its discretion by denying a bail reduction.[7] We therefore overrule that complaint.

---

[4] *See* Tex. Code Crim. Proc. Ann. art. 62.001(6)(A) (Vernon 2006) (including indecency with a child within the definition of "sexually violent offense" for purposes of sex offender registration).

[5] *Id.* art. 62.001(5).

[6] *Id.* art. 62.001(5)(A) (including indecency with a child as a reportable conviction); *see* arts. 62.051(a) (requiring a person who has a reportable conviction to register as a sex offender); 62.101(a)(1) (providing that duty to register expires upon death of person with a reportable conviction for a sexually violent offense).

[7] *See Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pets. ref'd) (stating that for habeas relief, appellant bears burden to show that bail is excessive and that "[b]ecause appellant demonstrated no evidence supporting his inability to make bond himself or efforts to secure bond himself, the trial court could properly have concluded that the amounts of the bonds were reasonable under the circumstances").

Because we hold the trial court did not abuse its discretion in denying Appellant the relief he sought, we overrule all of Appellant's complaints on appeal and affirm the trial court's denial of all habeas relief.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 9, 2009