

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-10-260-CR

EX PARTE WILLIE BARNES

------------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

This is an appeal from the trial court's order on Appellant Willie Barnes's Motion for Personal Recognizance Bond or Bail Reduction, in which the trial court reduced Barnes's bail amount from $750,000 to $250,000. We will affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Barnes was arrested for aggravated robbery on March 2, 2010. His bail was set at $750,000. Barnes filed his Motion for Personal Recognizance Bond or

---

[1]*See* Tex. R. App. P. 47.4.

Bail Reduction, requesting that he be released on personal bound or, alternatively, that his bail be reduced to $5,000. After a hearing, the trial court denied both requests, but the court found that Barnes's bail amount of $750,000 was excessive and reduced it to $250,000.

Barnes filed a notice of appeal from the trial court's order, claiming that he is "[i]ndigent and cannot make bail on such an excessive bail amount." We did not request briefing. *See* Tex. R. App. P. 31.1, 31.2.

## III. STANDARD OF REVIEW

We review the trial court's denial of a bond-reduction request under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Scott*, 122 S.W.3d 866, 868 (Tex. App.— Fort Worth 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005) (giving trial court discretion to set bond amount). Similarly, the decision whether to permit an accused to make a personal bond is within a magistrate's sound discretion. *See* Tex. Code Crim. Proc. Ann. art. 17.03(a) (Vernon Supp. 2009).

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court may decide a matter within its discretion in a different

2

manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

## IV. BAIL REDUCTION

The primary purpose of an appearance bond is to secure the presence of the defendant at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Scott*, 122 S.W.3d at 868. Accordingly, bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression. *Scott*, 122 S.W.3d at 868.

Article 17.15 of the Texas Code of Criminal Procedure sets forth the following criteria for establishing the amount of bail:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15.

In addition to these factors, the court should also weigh the following factors in determining the amount of the bail: (1) the accused's work record; (2)

3

the accused's family ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50; *Scott*, 122 S.W.3d at 869.  The defendant bears the burden to show that he is entitled to a reduction in bail.  *Rubac*, 611 S.W.2d at 849; *Maldonado v. State*, 999 S.W.2d 91, 97 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

## A.  The Nature of the Offense and the Potential Sentence

The nature of the offense and the circumstances surrounding the offense are primary factors in determining what constitutes a reasonable bond.  *See* Tex. Code Crim. Proc. Ann. art. 17.15(3); *Ex parte Davila*, 623 S.W.2d 408, 410 (Tex. Crim. App. [Panel Op.] 1981).  In considering the nature of the offense, it is proper to consider the possible punishment.  *Vasquez*, 558 S.W.2d at 479–80; *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd). When the nature of the offense is serious and involves aggravating factors, a lengthy prison sentence following trial is probable.  *Scott*, 122 S.W.3d at 869. Therefore, pretrial bond must be set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy sentence might be to not appear.  *Id.*

Here, Barnes is charged with aggravated robbery, which is a first degree felony.  *See* Tex. Penal Code Ann. § 29.03(b) (Vernon 2003).  He faces a

4

punishment of five to ninety-nine years or life if convicted. *See* Tex. Penal Code Ann. § 12.32(a) (Vernon Supp. 2009). The probable cause affidavit admitted into evidence at the bond reduction hearing shows that the victim of the aggravated robbery in this case was seriously injured in the robbery; as a result of the attack, his eyes swelled shut, he "had a large amount of blood behind his eyes and possible brain bleeding," he lost several of his teeth, and he had to be care-flighted to a Fort Worth hospital after receiving treatment in a local emergency room.

Given the applicable range of punishment and the relative seriousness of the charged offense, the trial court properly could have concluded that bail in the amount of $250,000 was reasonable to ensure Barnes's presence at his trial. *See Hunt*, 138 S.W.3d at 506; *Scott*, 122 S.W.3d at 869–70.

### B. Ability to Make Bail

The accused's ability to make bail is merely one factor to be considered in determining the appropriate amount of bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15(4); *Scott*, 122 S.W.3d at 870. Simply because a defendant cannot meet the bail set by the trial court does not automatically render it excessive. *Scott*, 122 S.W.3d at 870. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Id.*

5

The record shows that the trial court declared Barnes indigent and appointed counsel to represent him. In his motion, Barnes stated that he is indigent and unable to make bail if the amount is "more than $5,000.00." Barnes also testified at trial that he did not have the funds to make bail of $750,000, but that he "could probably come up with like $800. Like a $15,000 bond or [$]10,000." But Barnes did not explain what efforts, if any, were made to make the $750,000 bail or detail his or his family's specific assets. *See id.* (finding no abuse of discretion absent, among other things, evidence of defendant's and his family's assets and attempts to make bond). Additionally, even considering evidence of Barnes's indigency, this factor alone does not establish an abuse of discretion or automatically render the bail excessive. *See id.*

### C. Safety of the Victim and the Community

Regarding the safety of the victim and the community, the probable cause affidavit reflects the serious injuries suffered by the victim of the robbery. The probable cause affidavit further shows that Barnes had met the victim at a night club just prior to the aggravated robbery and that the two men had traded phone numbers and had made plans to meet at an apartment complex later that night. When the victim arrived, Barnes attacked him and demanded his money. No evidence suggests that Barnes knows where the victim lives, but the trial court may have reasonably concluded that the violent nature of the crime warranted bail in the amount of $250,000 in order to ensure the safety of the community as

a whole. *See* Tex. Code Crim. Proc. Ann. art. 17.15(5); *Scott*, 122 S.W.3d at 870.

## D.  Community and Family Ties

Regarding Barnes's ties to the community, he testified that he is a life-long resident of Wichita County, that he lives with his grandmother in Burkburnett, and that he has close ties to the community. He explained that he plays semi-professional football for the Wichita Falls Falcons and that a couple of local businesses sponsor him. He also said that he has a job remodeling apartments. This factor weighs in favor of Barnes.

## E.  Other Factors

As mentioned above, a court should also weigh the accused's prior criminal record, if any; the accused's conformity with the conditions of any previous bond; the existence of outstanding bonds, if any; and aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50; *Scott*, 122 S.W.3d at 869.

The record shows that Barnes has two prior convictions, one for failure to identify to a peace officer and one for burglary of a motor vehicle, and the trial court was permitted to take this history into consideration. *See Rubac*, 611 S.W.2d at 849–50. The record does not show whether Barnes complied with the provisions of any bonds related to those prior convictions.

7

## F. No Abuse of Discretion

Affording due deference to the trial court's ruling and considering the violent nature of the offense, the potential for a lengthy sentence, and the safety of the victim and the community, we cannot say that the trial court acted arbitrarily or unreasonably by refusing to release Barnes on a personal bond or by reducing Barnes's bail to $250,000, rather than the requested $5,000. We hold that Barnes has failed to demonstrate that the bail set is excessive or that the trial court abused its discretion. *See Rubac*, 611 S.W.2d at 850; *Scott*, 122 S.W.3d at 868.

## V. CONCLUSION

Having determined that the trial court did not abuse its discretion, we affirm the trial court's order on Barnes's Motion for Personal Recognizance Bond or Bail Reduction.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2010