COURT OF
APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

 

NO. 2-10-260-CR

 

 

EX
 PARTE WILLIE BARNES                                                                                  

 

------------

 

FROM THE 30TH
DISTRICT COURT OF WICHITA
COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

                                                

I. Introduction

This is an appeal from the trial
court’s order on Appellant Willie Barnes’s Motion for Personal Recognizance
Bond or Bail Reduction, in which the trial court reduced Barnes’s bail amount
from $750,000 to $250,000.  We will
affirm.

II. 
Factual and Procedural Background

Barnes was arrested for aggravated
robbery on March 2, 2010.  His bail was
set at $750,000.  Barnes filed his Motion
for Personal Recognizance Bond or Bail Reduction, requesting that he be
released on personal bound or, alternatively, that his bail be reduced to
$5,000.  After a hearing, the trial court
denied both requests, but the court found that Barnes’s bail amount of $750,000
was excessive and reduced it to $250,000. 
 

Barnes filed a notice of appeal from
the trial court’s order, claiming that he is “[i]ndigent and cannot make bail
on such an excessive bail amount.”  We
did not request briefing.  See Tex. R. App. P. 31.1, 31.2. 

III. 
Standard of Review 

We review the trial court’s denial
of a bond-reduction request under an abuse of discretion standard.  See Ex
parte Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); Ex parte Scott, 122 S.W.3d 866, 868
(Tex. App.––Fort Worth 2003, no pet.); see
also Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005) (giving trial
court discretion to set bond amount).  Similarly,
the decision whether to permit an accused to make a personal bond is within a
magistrate’s sound discretion. See Tex.
Code Crim. Proc. Ann. art. 17.03(a) (Vernon Supp. 2009).  

To determine whether a trial court
abused its discretion, we must decide whether the trial court acted without
reference to any guiding rules or principles; in other words, we must decide
whether the act was arbitrary or unreasonable. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990).  Merely because a trial court may
decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.

IV.  Bail
Reduction 

The primary purpose of an appearance
bond is to secure the presence of the defendant at trial on the offense
charged.  Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); Scott, 122 S.W.3d at 868.  Accordingly, bail should be set high enough
to give reasonable assurance that the defendant will appear at trial, but it
should not operate as an instrument of oppression.  Scott,
122 S.W.3d at 868.  

          Article 17.15 of the Texas Code of Criminal
Procedure sets forth the following criteria for establishing the amount of bail:


1. The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.

 

2. The power to require bail is not to be so used as to
make it an instrument of oppression.

 

3. The nature of the offense and the circumstances under
which it was committed are to be considered.

 

4. The ability to make bail is to be regarded, and proof
may be taken upon this point.

 

5. The future safety of a victim of the alleged offense and
the community shall be considered.

 

Tex. Code Crim. Proc. Ann. art. 17.15.  

In addition to these factors, the
court should also weigh the following factors in determining the amount of the bail:  (1) the accused’s work record; (2) the
accused’s family ties; (3) the accused’s length of residency; (4) the accused’s
prior criminal record, if any; (5) the accused’s conformity with the conditions
of any previous bond; (6) the existence of outstanding bonds, if any; and (7)
aggravating circumstances alleged to have been involved in the charged
offense.  Rubac, 611 S.W.2d at 849–50; Scott,
122 S.W.3d at 869.  The defendant bears
the burden to show that he is entitled to a reduction in bail.  Rubac,
611 S.W.2d at 849; Maldonado v. State,
999 S.W.2d 91, 97 (Tex. App.––Houston [14th Dist.] 1999, pet. ref’d).

A.    The Nature
of the Offense and the Potential Sentence

The nature of the offense and the
circumstances surrounding the offense are primary factors in determining what
constitutes a reasonable bond.  See Tex. Code Crim. Proc. Ann. art.
17.15(3); Ex parte Davila, 623 S.W.2d
408, 410 (Tex. Crim. App. [Panel Op.] 1981). 
In considering the nature of the offense, it is proper to consider the
possible punishment.  Vasquez, 558 S.W.2d at 479–80; Ex parte Hunt, 138 S.W.3d 503, 506 (Tex.
App.––Fort Worth 2004, pet. ref’d).  When
the nature of the offense is serious and involves aggravating factors, a
lengthy prison sentence following trial is probable.  Scott,
122 S.W.3d at 869.  Therefore, pretrial
bond must be set sufficiently high to secure the presence of the accused at
trial because the accused’s reaction to the prospect of a lengthy sentence
might be to not appear.  Id.

Here, Barnes is charged with
aggravated robbery, which is a first degree felony.  See Tex.
Penal Code Ann. § 29.03(b) (Vernon 2003).  He faces a punishment of five to ninety-nine
years or life if convicted.  See Tex. Penal Code Ann. § 12.32(a)
(Vernon Supp. 2009).  The probable cause
affidavit admitted into evidence at the bond reduction hearing shows that the
victim of the aggravated robbery in this case was seriously injured in the
robbery; as a result of the attack, his eyes swelled shut, he “had a large
amount of blood behind his eyes and possible brain bleeding,” he lost several
of his teeth, and he had to be care-flighted to a Fort Worth hospital after
receiving treatment in a local emergency room. 
 

Given the applicable range of
punishment and the relative seriousness of the charged offense, the trial court
properly could have concluded that bail in the amount of $250,000 was
reasonable to ensure Barnes’s presence at his trial.  See
Hunt, 138 S.W.3d at 506; Scott,
122 S.W.3d at 869–70.

B.  Ability to Make Bail

The accused’s ability to make bail
is merely one factor to be considered in determining the appropriate amount of
bail.  See Tex. Code Crim. Proc. Ann. art. 17.15(4); Scott, 122 S.W.3d at 870. 
Simply because a defendant cannot meet the bail set by the trial court
does not automatically render it excessive. 
Scott, 122 S.W.3d at 870.  “If the ability to make bond in a specified
amount controlled, then the role of the trial court in setting bond would be
completely eliminated, and the accused would be in the unique posture of
determining what his bond should be.”  Id. 

          The
record shows that the trial court declared Barnes indigent and appointed
counsel to represent him.  In his motion,
Barnes stated that he is indigent and unable to make bail if the amount is
“more than $5,000.00.”  Barnes also
testified at trial that he did not have the funds to make bail of $750,000, but
that he “could probably come up with like $800. 
Like a $15,000 bond or [$]10,000.” 
But Barnes did not explain what efforts, if any, were made to make the
$750,000 bail or detail his or his family’s specific assets.  See id.
(finding no abuse of discretion absent, among other things, evidence of
defendant’s and his family’s assets and attempts to make bond).  Additionally, even considering evidence of
Barnes’s indigency, this factor alone does not establish an abuse of discretion
or automatically render the bail excessive. 
See id.  

C.  Safety of the Victim and the Community

          Regarding
the safety of the victim and the community, the probable cause affidavit reflects
the serious injuries suffered by the victim of the robbery.  The probable cause affidavit further shows that
Barnes had met the victim at a night club just prior to the aggravated robbery
and that the two men had traded phone numbers and had made plans to meet at an
apartment complex later that night. When the victim arrived, Barnes attacked
him and demanded his money.  No evidence
suggests that Barnes knows where the victim lives, but the trial court may have
reasonably concluded that the violent nature of the crime warranted bail in the
amount of $250,000 in order to ensure the safety of the community as a whole.  See Tex.
Code Crim. Proc. Ann. art. 17.15(5); Scott,
122 S.W.3d at 870.  

D.  Community and Family Ties

Regarding Barnes’s ties to the
community, he testified that he is a life-long resident of Wichita County, that
he lives with his grandmother in Burkburnett, and that he has close ties to the
community.  He explained that he plays
semi-professional football for the Wichita Falls Falcons and that a couple of
local businesses sponsor him.  He also said
that he has a job remodeling apartments. 
This factor weighs in favor of Barnes.

E.  Other Factors

As mentioned above, a court should
also weigh the accused’s prior criminal record, if any; the accused’s
conformity with the conditions of any previous bond; the existence of
outstanding bonds, if any; and aggravating circumstances alleged to have been
involved in the charged offense.  Rubac, 611 S.W.2d at 849–50; Scott, 122 S.W.3d at 869.  

The record shows that Barnes has two
prior convictions, one for failure to identify to a peace officer and one for
burglary of a motor vehicle, and the trial court was permitted to take this
history into consideration.  See Rubac, 611 S.W.2d at 849–50.  The record does not show whether Barnes
complied with the provisions of any bonds related to those prior convictions.

F.  No Abuse of Discretion

Affording due deference to the trial court’s ruling and
considering the violent nature of the offense, the potential for a lengthy
sentence, and the safety of the victim and the community, we cannot say that
the trial court acted arbitrarily or unreasonably by refusing to release Barnes
on a personal bond or by reducing Barnes’s bail to $250,000, rather than the
requested $5,000.  We hold that Barnes
has failed to demonstrate that the bail set is excessive or that the trial
court abused its discretion.  See Rubac, 611 S.W.2d at 850; Scott, 122 S.W.3d at 868.

V. 
Conclusion

Having determined that the trial
court did not abuse its discretion, we affirm the trial court’s order on Barnes’s
Motion for Personal Recognizance Bond or Bail Reduction.

 

                                                                   SUE
WALKER

                                                                   JUSTICE

 

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2010











[1]See Tex. R. App. P. 47.4.