**Opinion filed September 9, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00126-CR
_____

## JUAN DAMAS RODRIGUEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 10-03-15982**

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to TEX. R. APP. P. 31 from the trial court's order denying a motion to reduce pretrial bond. We affirm.

Juan Damas Rodriguez is charged with the aggravated sexual assault of and indecency with his girlfriend's eleven-year-old granddaughter. Bail bond was set at $250,000. Appellant requested that the trial court reduce his bond to $10,000.

"'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond."

TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 2005). Article 17.15 provides that the amount of bail:

> [I]s to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). The ability to make bond is one of the many factors to be considered; however, it does not control the amount of bail and will not automatically render an amount excessive. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980); *Ex parte Branch*, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977); *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.). If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be eliminated, and the accused would be in a position to determine what his bail should be. *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd); *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd).

In addition to the rules listed in Article 17.15, the following factors may also be considered: possible punishment, the accused's work record, his ties to the community, the length of his residency, his prior criminal record, his conformity with any prior bail bond conditions, his ability or inability to make a bail bond, and the existence of any outstanding bail bonds. *Ex parte Charlesworth*, 600 S.W.2d at 317; *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980); *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Clemons*, 220 S.W.3d at 178; *Ex parte Hunt*, 138 S.W.3d at 506; *Ex parte Simpson*, 77 S.W.3d 894, 896-

2

97 (Tex. App.—Tyler 2002, no pet.); *DePena v. State*, 56 S.W.3d 926, 928-29 (Tex. App.—Corpus Christi 2001, no pet.); *Brown v. State*, 11 S.W.3d 501, 503 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). The primary purpose of the bail bond is to secure the accused's presence in court. *Ex parte Vasquez*, 558 S.W.2d at 479. The accused has the burden to prove that bail is excessive. *Id.*

We review the trial court's ruling on a request to reduce bail under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d at 850; *Clemons*, 220 S.W.3d at 178; *see also* Article 17.15 (giving trial court discretion to set amount of bail). As such, we will not disturb the trial court's ruling if it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). Rule 31.2 provides that the sole purpose of an appeal in this situation is "to do substantial justice to the parties."

Bacilia Rodriguez testified that she was appellant's mother. Bacilia stated that appellant was fifty-seven years old and had his own residence. She identified pictures of the farm where appellant lived by himself. She stated that appellant had not been convicted of a felony and had no money. Bacilia stated that she had borrowed $6,000 against her pickup to hire an attorney.

On cross-examination, Bacilia testified that she owned her home but did not know how much it was worth. She also testified that appellant had a bank account. She stated that appellant had worked for Haliburton for six years, but she did not know how much money he had made. She wanted "to pay and get him out so he can go to work." Bacilia planned to borrow the money for his bail.

Andrea Sifuentes testified that she was appellant's sister. Andrea stated she knew appellant was purchasing the 150-acre farm he was living on because she had helped him complete the paperwork. Appellant paid $1,438 a month for his farm. He was also making payments on a vehicle. He had leased ninety acres out for $9,000 a year. Appellant was a United States citizen. Andrea did not know how much appellant made when he worked for Haliburton. She had talked to three bonding companies and understood that each company would require the family to pay ten percent of the bond. Andrea believed that the family could raise $1,000 or $2,000 at the most.

Gaines County Deputy Sheriff Gene Berry testified that he investigated the case. Appellant's girlfriend had custody of her eleven-year-old granddaughter, and the two of them lived with appellant. The allegations involved the penetration of the child's sexual organ by

appellant's hands. When Deputy Berry went to appellant's residence, appellant told the deputy that he wanted to speak to his lawyer first and that he would come in the next day to give a statement. Deputy Berry testified that appellant never did come in.

The record does not support the contention that the trial court abused its discretion. The trial court stated at the close of the hearing that, given the nature of the offense and considering the future safety of both the child and the community, a bond of $10,000 to $20,000 was not reasonable.

The order of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


September 9, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.