

# IN THE
# TENTH COURT OF APPEALS

———————

## No. 10-13-00448-CR

## EX PARTE HOWARD LEWIS

———————

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 1326736

## MEMORANDUM OPINION

Howard Lewis has been charged with capital murder for the death of his 18-month old son, for which his bond was set at $1,000,000. Lewis filed a pretrial petition for a writ of habeas corpus, which was denied after a hearing. Lewis complains that the trial court abused its discretion because the amount is excessive pursuant to the United States and Texas Constitutions and the Code of Criminal Procedure. Because we find that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

We review a trial court's decision that sets a bail amount for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd). We

examine the record to determine whether the trial court considered the relevant statutory and common law factors and set a bail amount that was not excessive. *See Gonzalez*, 383 S.W.3d at 161-62; *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The appellant has the burden to show that the amount of bail is excessive. *Rubac*, 611 S.W.2d at 849; *Gonzalez*, 383 S.W.3d at 161. If our review shows the trial court exercised its discretion within the constraints of the Constitution, the Texas Constitution, the statutory requirements, and the common law factors, we will not overturn its decision. *See Gonzalez*, 383 S.W.3d at 161-62; *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd) (*citing Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990)).

> The amount of bail in any case must adhere to these rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. art. 17.15 (West 2005).

Courts may also consider the following set of factors when assessing whether the amount of bail is reasonable: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981). The trial court also may consider the fact that the accused is not a United States citizen. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).

Lewis is a Jamaican citizen who had been residing in Arlington, Texas for approximately four years prior to his arrest. Lewis has no family in Texas but was residing with his fiancée of four years, Sharon Curry-Lynch, and would go to reside with Lynch again if he was able to post bail. Lewis testified that he had no connections with Walker County now that his child was deceased. In Arlington, Lewis owned a home with no equity, three vehicles with no debt valued at approximately $15,000, furniture valued at approximately $20,000 and checking and savings accounts with a balance of approximately $5,000 as of the date of the hearing on the writ. Lewis stated that he was an usher at his church in Arlington prior to his arrest. Lewis had been unemployed from July or August until his arrest in early October of 2013. Previously

Lewis had worked in various jobs as a cabinet maker, a prison guard, and a driver at an airport parking lot.

Lewis had no prior convictions and had never been on bond before; however, his fiancée had called the police at least three times on Lewis with what Lynch referred to as "heated arguments." Lewis admitted that he had been arrested previously because "my girlfriends have a problem with my infidelity, and they would get upset and call the police," although Lewis was never charged with any crimes. Lynch answered affirmatively when the State asked her if she had called the police because of Lewis putting his hands on her in previous years. The last phone call to police was approximately one month prior to Lewis's arrest according to Lynch, although Lynch denied that Lewis had physically assaulted her.

Both Lewis and Lynch testified that Lewis would return to Walker County for any proceedings necessary and that Lewis would surrender his passport. Lewis historically had traveled to Jamaica at least annually. Lynch stated that she and as many of her family members as needed would co-sign for the bond. Lynch had contacted a bond company in Huntsville who told her that no company in Huntsville could write a bond for over $100,000. Lynch contacted a company in Houston who informed her that the maximum bond was $400,000. Lewis requested that the trial court reduce his bail to $150,000.

Lewis had been arrested for capital murder for the hanging death of his 18 month old son. Lewis was believed to have also committed the murder of his son's grandmother by bludgeoning her to death in the same course of events, but had not yet been charged with that murder at the time of the hearing. Lewis denied that he had committed the murders and had been cooperative with law enforcement.

Considering the factors as set forth in the Code of Criminal Procedure and in *Rubac*, including the gravity of the crime, Lewis's lack of connections to people in Walker County and Texas, Lewis's foreign citizenship and history of traveling outside of the United States, spotty job history, and potentially violent or aggressive behavior toward his fiancée shortly before his arrest, we find that the trial court's denial of the writ of habeas corpus did not constitute an abuse of discretion.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
          Justice Davis, and
          Justice Scoggins
Affirmed
Opinion delivered and filed June 19, 2014
Do not publish
[OT06]