

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00244-CR

## EX PARTE AMBER HOPE HALFORD

### From the 87th District Court
### Freestone County, Texas
### Trial Court No. 15-065-CR

## MEMORANDUM OPINION

Amber Halford appeals an order from a pretrial habeas corpus proceeding that reduced her bail from $1,000,000 to $250,000. Halford has been indicted for the offense of capital murder.[1] Halford complains that the trial court abused its discretion by setting the bail amount in an arbitrary manner and failing to set the bail in a lower amount. Because we find no abuse of discretion, we affirm the judgment of the trial court.

We review a trial court's decision that sets a bail amount for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981);

---

[1] Halford also has a pending burglary of a habitation charge which occurred the day before the murder against the same victim with bail set at $40,000, but that bail amount is not at issue in this proceeding.

*Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd). We examine the record to determine whether the trial court considered the relevant statutory and common law factors and set a bail amount that was not excessive. *See Gonzalez*, 383 S.W.3d at 161-62; *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The appellant has the burden to show that the amount of bail is excessive. *Rubac*, 611 S.W.2d at 849; *Gonzalez*, 383 S.W.3d at 161. If our review shows the trial court exercised its discretion within the constraints of the Constitution, the Texas Constitution, the statutory requirements, and the common law factors, we will not overturn its decision. *See Gonzalez*, 383 S.W.3d at 161-62; *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd) (*citing Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990)).

> The amount of bail in any case must adhere to these rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15 (West 2005).

Courts may also consider the following set of factors when assessing whether the amount of bail is reasonable: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981).

The evidence presented at the hearing showed that Halford is twenty years old and was working as a waitress prior to her arrest. Halford had resided in Freestone or Limestone County her entire life. Halford had no assets of any kind. Halford had no prior criminal history other than the pending burglary charge. Halford's mother had passed away while Halford was in jail. If released, Halford intended to live with either her sister or the man she considers to be her father. Halford's sister was presently living in Whitehouse but was in the process of moving to an unknown location in Groesbeck. Halford's father lived in Groesbeck. Halford stated that she would wear an ankle monitor and abide by a curfew as a condition of her bail.

Halford's father testified that he thought he would be able to raise $10,000 to $15,000 by getting a loan or selling property to post bail for Halford, but could not raise the $100,000 to $250,000 the bond companies required to pay for the $1,000,000 bail set for the capital murder.

No evidence was presented by the State regarding the circumstances of the capital murder. However, it was alleged that Halford participated in a burglary of the murder victim's residence the night before the murder, during which four firearms were stolen. One of the stolen firearms was used in the murder which was also committed at the victim's residence. At the time of the habeas corpus hearing two of the firearms had not been recovered.

At the conclusion of the hearing the trial court announced that Halford's bail would be reduced to $500,000, which the trial court believed was the same amount to which a co-defendant's bail had been reduced. The State advised the trial court that the co-defendant's bail had actually been reduced to $250,000, and the trial court stated that Halford's bail would be reduced to the same amount.

Although Halford has no criminal history and has lived in the community for her entire life, the testimony showed that she has no assets or future employment prospects in the area. Halford testified to having one job as a waitress but no other job history. Halford was not sure where she would reside if released. Halford has a second charge pending involving the same victim. Two of the four firearms stolen in the burglary were still missing, although Halford denied knowing where they were.

Halford argues that because no evidence was presented as to the exact circumstances of the capital murder and because the only evidence regarding the

appropriate amount of bail was that her father could pay only $10,000 to $15,000, the trial court abused its discretion by setting her bail in the amount of $250,000.

It is not necessary for the exact circumstances of the offense to be presented for this Court to consider the nature of the offense of capital murder and its mandatory sentence if Halford is convicted. In assessing the reasonableness of the amount of bail, the nature of the offense is a primary consideration. *See Ex parte Durst*, 148 S.W.3d 496, 500 (Tex. App.—Houston [14th Dist.] 2004, pet. refused) (majority op. on reh'g) (*citing Ex parte Rubac*, 611 S.W.2d at 849 ("The primary factors are the length of the sentence and the nature of the offense")); *Aviles v. State*, 26 S.W.3d 696, 698-99 (Tex. App.—Houston [14th Dist.] 2000, pet. refused) ("Two factors should be given great weight when determining the amount of bail: the nature of the offense and the length of the sentence"); *Ex parte Hulin*, 31 S.W.3d 754, 759 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("The primary factors to be considered in determining what constitutes reasonable bail are the punishment that can be imposed and the nature of the offense). Capital murder is punishable by life in prison without parole or death.[2] TEX. PENAL CODE ANN. § 12.31(a) (West 2011).

Additionally, the accused's ability to make a certain amount of bail is not controlling; otherwise, "the role of the trial court in setting bond would be completely

---

[2] The State is not seeking the death penalty.

eliminated and the accused would be in the position to determine what his bond should be." *Milner v. State*, 263 S.W.3d 146, 150 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Viewing the evidence presented and by considering the factors as set forth in the Code of Criminal Procedure and *Ex Parte Rubac*, we do not find that the trial court's decision to reduce Halford's bail amount to $250,000 was outside of the zone of reasonable disagreement. We overrule Halford's sole issue.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 24, 2015
Do not publish
[CRPM]

