

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-15-00301-CR**

**EX PARTE JAMES REID BENTLEY**

---

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. F49700**

---

**MEMORANDUM OPINION**

---

James Reid Bentley was arrested after he was indicted on six counts of possession of child pornography. TEX. PENAL CODE ANN. § 43.26(d) (West 2011). His bail was set at $250,000. Soon after his arrest, Bentley filed a pre-trial petition for writ of habeas corpus, seeking a reduction in the set amount of bail. After a hearing, the trial court denied the petition and again set Bentley's bail at $250,000. Because the trial court abused its discretion in setting bail at $250,000, the trial court's Order on Writ of Habeas Corpus is reversed. Judgment is rendered that bail for Bentley is set at $50,000, and this case is remanded to the trial court to set conditions of bail.

**BAIL**

In two issues, Bentley asserts that the trial court abused its discretion in setting bail and that the bail set is excessive. We discuss these issues together.

*Law*

The Texas Constitution guarantees that "all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident." TEX. CONST. art. I, § 11; *see* TEX. CODE CRIM. PROC. ANN. art. 1.07 (West 2005). Thus, for a non-capital offense, a defendant is entitled to reasonable bail, that is, bail that is not excessive. *See* U.S. CONST. amend. VIII (excessive bail shall not be required); TEX. CONST. art. I, § 13 (same); TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2005) (same).

Texas Code of Criminal Procedure article 17.15 is a legislative effort to implement the constitutional right to bail. TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015); *Ex parte Beard*, 92 S.W.3d 566, 568 (Tex. App.—Austin 2002, pet. ref'd). Article 17.15 commits the setting of bail to the discretion of the court or magistrate, but sets forth five rules that, together with the constitution, govern the exercise of that discretion. *Id*. Bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, but not so high as to make it an instrument of oppression. *Id*. art. 17.15(1), (2); *see Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977) (primary purpose of pretrial bail is to secure presence of defendant); *Beard*, 92 S.W.3d at 568. The nature of the offense and the circumstances under which it was

committed are factors to be considered in setting bail, as is the future safety of the community and the victim of the alleged offense. TEX. CODE CRIM. PROC. ANN. art. 17.15(3), (5) (West 2015). The defendant's ability to make bail also must be considered, but is not of itself controlling. *Id*. art. 17.15(4); *Ex parte Gentry*, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981).

Courts may also consider the following set of factors when assessing whether the amount of bail is reasonable: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981).

### Standard of Review

We review a trial court's decision that sets a bail amount for an abuse of discretion. *See Rubac*, 611 S.W.2d at 850; *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd). We examine the record to determine whether the trial court considered the relevant statutory and common law factors and set a bail amount that was not excessive. *See Gonzalez*, 383 S.W.3d at 161-62; *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The appellant has the burden to show that the amount of bail is excessive. *Rubac*, 611 S.W.2d at 849; *Gonzalez*,

383 S.W.3d at 161. If our review shows the trial court exercised its discretion within the constraints of the United States Constitution, the Texas Constitution, the statutory requirements, and the common law factors, we will not overturn its decision. *See Gonzalez*, 383 S.W.3d at 161-62; *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990)).

## BAIL REDUCTION HEARING

Bentley was charged with six counts of possession of child pornography. His bail was set at $250,000. Bentley's wife, Kathy, took the stand first and testified that she had been married to Bentley for almost 30 years. They had lived in the same house for about 25 years and had two grown daughters. Bentley's parents and other family members live in the area. Kathy testified that she had worked at the same job for about 18 years but only earned about $1,000 a month. She stated that Bentley was earning the primary income for the family, making about $3,500 a month. They had less than $5,000 in checking and savings. Kathy had called eight different bonding companies and could not afford the $25,000 required to cover the amount necessary to post bond. Kathy was aware of the investigation regarding the charges against Bentley and stated that even though Bentley was also aware of the investigation over the course of the last 11 months, Bentley did not flee the jurisdiction of the court and did not take steps to hide. She further testified that Bentley had been in counselling for the last 11 months.

Bentley then took the stand and echoed many of his wife's statements regarding where he lived and how long he had lived there, the close proximity of his family, and that he could not afford to post a $250,000 bond. He had no property or securities with which to post the bond. Bentley had been aware in the last 10 to 11 months that an investigation was ongoing regarding the charges pending against him. He stated he had no prior felony convictions or arrests. He would agree to 1) wear a leg monitor or remain in home confinement, 2) submit to drug testing, and 3) report daily or weekly to a supervision officer. Bentley had worked doing graphic layouts for ads for yellow page companies. Before that, he worked for another yellow page service doing the same type of work. His total years in this profession was 15 or 16 years. Bentley acknowledged that if he was released on bond, he would return to his job and would need internet access to perform his job. He also acknowledged that the allegations against him related to his access to the internet.

Bentley argued to the trial court that he could not raise the funds for the bail as set and that he met other requirements, such as ties to the community and promising to comply with bond conditions, for the purpose of lowering his bail. He asked the trial court to lower bail to an amount that he could pay so that he could be out of jail during the pendency of the trial. The State argued to keep bail set at $250,000 because Bentley was indicted on six counts and the sentences could be stacked; thus, for the State, it was

a case with high ramifications.  The State also argued that, as an aggravating factor, Bentley hid some of his pornography in different areas of a church.

Ultimately, the trial court expressed its concern about sending Bentley home to make a living on a computer with internet access.  The bail amount was kept at $250,000, and as conditions of bail, the trial court ordered that Bentley could not use any computers or have any internet access in any location in which he was to reside.  Another condition was that Bentley would be on house arrest with a GPS monitor.  The trial court said it would consider a bail reduction only if Bentley could "come up with a plan to gain employment that doesn't use the requirement of the Internet or a computer at his house."

ANALYSIS

We agree that possession of child pornography is a serious offense.  *See Savery v. State*, 767 S.W.2d 242, 245 (Tex. App.—Beaumont 1989, no pet.) ("…child pornography is even more damaging to the child victim than sexual abuse or prostitution, inasmuch as the helpless child's actions are reduced and memorialized on a recording or film and that type of pornography may haunt and damage the child for many long years in the future after the original misdeed occurred. Indeed, the effect is devastating and of long duration on the child who has been photographed performing certain acts.  That child must go through his adult life with the knowledge that the recording or picture or photograph or film exists and may, at some time in later years,

be distributed or circulated."). In this case, possession of child pornography is a third degree felony and carries a maximum punishment of 10 years. TEX. PENAL CODE ANN. §§ 3.03(b)(3), 43.26(d) (West 2011). If stacked, Bentley could receive a maximum punishment of 60 years.

That being said, the purpose of setting a bail is to make sure the defendant appears when called to court, not to be oppressive. For this defendant, who has never been convicted or arrested of a felony before, has significant ties to the community in that his family lives in the area and he has lived in the community for a significant amount of time, has a stable work history, albeit using the internet, had not fled the jurisdiction of the court, even knowing about the investigation for at least 10 months, and had been participating in counseling for at least 11 months, bail of $250,000 is excessive. Further, the aggravating factor argued by the State, that Bentley kept some of the pornography at a church, does not, on this record, appear to warrant an increase in the amount of bail considering the purpose of bail. There was no testimony as to the type of medium in which the pornography was hidden, whether it was printed out, on a thumb drive, on a church computer, or whether it was easily accessible to members of the church or others attending the church by casual observation.

Accordingly, after our review of the record pursuant to the standards set out above, we hold the trial court abused its discretion in setting bail at $250,000. Bentley's issues are sustained.

CONCLUSION

The trial court's order denying the writ of habeas corpus is reversed. We render judgment setting Bentley's bail at $50,000 and remand the case to the trial court to set conditions of bail that would adequately address any of the trial court's concerns, specifically Bentley's access to the internet through Bentley's choice of employment.[1]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis dissents without an opinion)
Reversed and rendered in part and remanded in part
Opinion delivered and filed December 31, 2015
Do not publish
[OT06]



---

[1] There are many methods that might satisfy the trial court's concerns. These methods would include restriction of internet access through one computer with key-stroke recording software and an agreement for routine and surprise inspections. The inspections could be in person or remotely conducted.