

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00450-CR
### NO. 02-10-00451-CR

EX PARTE JUSTIN ANTHONY
PEREZ

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

This is an appeal from the trial court's orders on Appellant Justin Anthony

Perez's motions to reduce bail, in which the trial court denied Perez's request to

reduce his bail amount from $225,000 to $30,000.[2]  We will affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]In his motions to reduce bail, Perez requested a personal recognizance bond or a reasonable bail amount, but at the hearing on his motions, he requested that bail be set at $30,000.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The State indicted Perez for burglary of a habitation and robbery in March and April, 2010. His bail was set at $75,000 and $150,000 respectively, totaling $225,000.[3] Perez filed his motions to reduce bail, requesting that he be released on personal bond or, alternatively, that his bail be reduced to a total of $30,000. After a hearing, the trial court denied his requests.

Perez filed his notices of appeal from the trial court's orders, claiming that he is "indigent and represented by court appointed counsel [and] cannot afford bail at the amount at which it is currently set." We did not request briefing. *See* Tex. R. App. P. 31.1, 31.2.

## III. STANDARD OF REVIEW

We review the trial court's denial of a bond-reduction request under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Scott*, 122 S.W.3d 866, 868 (Tex. App.— Fort Worth 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005) (giving trial court discretion to set bail amount). Similarly, the decision whether to permit an accused to make a personal bond is within a magistrate's sound discretion. *See* Tex. Code Crim. Proc. Ann. art. 17.03(a) (Vernon Supp. 2010).

---

[3]The record indicates that Perez's motions to reduce bail covered the bail set for the two charges underlying this appeal only and that Perez also has other bail amounts related to other charges.

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991) (op. on reh'g). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

## IV. BAIL REDUCTION

The primary purpose of an appearance bond is to secure the presence of the defendant at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Scott*, 122 S.W.3d at 868. Accordingly, bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression. *Scott*, 122 S.W.3d at 868.

Article 17.15 of the Texas Code of Criminal Procedure sets forth the following criteria for establishing the amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

3

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15.

In addition to these factors, the court should also weigh the following factors in determining the amount of the bail: (1) the accused's work record; (2) the accused's family ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50; *Scott*, 122 S.W.3d at 869. The defendant bears the burden to show that he is entitled to a reduction in bail. *Rubac*, 611 S.W.2d at 849; *Maldonado v. State*, 999 S.W.2d 91, 97 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

## A. The Nature of the Offense and the Potential Sentence

The nature of the offense and the circumstances surrounding the offense are primary factors in determining what constitutes a reasonable bond. *See* Tex. Code Crim. Proc. Ann. art. 17.15(3); *Ex parte Davila*, 623 S.W.2d 408, 410 (Tex. Crim. App. [Panel Op.] 1981). In considering the nature of the offense, it is proper to consider the possible punishment. *Vasquez*, 558 S.W.2d at 479–80; *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd). When the nature of the offense is serious and involves aggravating factors, a lengthy prison sentence following trial is probable. *Scott*, 122 S.W.3d at 869.

4

Therefore, pretrial bond must be set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy sentence might be to not appear. *Id.*

Here, Perez is charged with burglary of a habitation and robbery. The natures of the charges both involve second degree felonies. *See* Tex. Penal Code Ann. §§ 29.02, 30.02(a)(1) (Vernon 2003). He faces a punishment of two to twenty years for each charge. *See id.* §§ 12.33(a) (Vernon Supp. 2010).

The probable cause affidavit for the burglary of a habitation shows that the victim of the burglary returned home to find Perez in her house, where he had broken in through the back door, rummaging through her property in her bedroom—the closet and dresser in the bedroom had been ransacked. When the victim arrived, Perez fled through the front door, near the victim.

The probable cause affidavit for the robbery shows that the victim of the robbery in this case was Perez's own mother. Allegedly, Perez forced his mother into a chair, taped her hands and ankles to the chair, and then proceeded to punch through a wall in order to access his father's safe. Once inside the safe, Perez took four firearms and a jar full of coins. Perez later sold the firearms at different pawn shops. Perez admitted at the bond reduction hearing that he did so to support a drug addiction and that he needs a "rehab facility."

Given the applicable ranges of punishment and the relative seriousness of the charged offenses, the trial court properly could have concluded that bail in the amount of $75,000 for the burglary and $150,000 for the robbery were

5

reasonable to ensure Perez's presence at his trial. *See Hunt*, 138 S.W.3d at 506; *Scott*, 122 S.W.3d at 869–70.

### B. Ability to Make Bail

The accused's ability to make bail is merely one factor to be considered in determining the appropriate amount of bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15(4); *Scott*, 122 S.W.3d at 870. Simply because a defendant cannot meet the bail set by the trial court does not automatically render it excessive. *Scott*, 122 S.W.3d at 870. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Id.*

The record shows that the trial court declared Perez indigent and appointed counsel to represent him. At the bond reduction hearing, Perez stated that he is indigent and has no assets to his name. Perez's father testified that he would be unable to make bail on Perez's account unless the approximate total amount is "lowered to $30,000." Neither Perez nor his father explained what efforts, if any, were made to make the total $225,000 bail, and although Perez detailed that he had no assets, his father did not detail his specific assets. *See Scott*, 122 S.W.3d at 870–71. (finding no abuse of discretion absent, among other things, evidence of defendant's and his family's assets and attempts to make bond). Even considering evidence of Perez's indigency, this factor alone

6

does not establish an abuse of discretion or automatically render the bail excessive.  *See id.*

## C. Safety of the Victim and the Community

Regarding the safety of the victim and the community, the probable cause affidavits reflect the serious impact Perez's actions placed on the victims of the robbery and burglary.  The probable cause affidavit for the burglary of a habitation shows that Perez was in the house, rummaging through the victim's bedroom, when she arrived home to find Perez inside.  The probable cause affidavit for the robbery shows that after having forced his mother into a chair and taping her to it, he left her in that state as he fled with the firearms.  Eventually, his mother was able to free her ankles and leave her residence with her hands still taped together; a neighbor then cut the tape from her hands, freeing her completely.  The police report stated that Perez's mother was extremely distraught and hysterical.  The trial court stated at the bond reduction hearing that "if [Perez] did it to his mother, he could do it again."  This court finds no infirmity in that statement and concludes that the trial court may have reasonably concluded that the violent nature of Perez's alleged crimes warranted a bail in the total amount of $225,000 in order to ensure the safety of the community as a whole.  *See* Tex. Code Crim. Proc. Ann. art. 17.15(5); *Scott*, 122 S.W.3d at 870.

### D. Community and Family Ties

Regarding Perez's ties to the community, Perez testified that he is a lifelong resident of Wichita County and that he lives with his parents. Perez did not testify any further regarding whether he has close ties to the community. Given the scant evidence in the record, this factor neither weighs in favor nor against Perez.

### E. Other Factors

As mentioned above, a court should also weigh the accused's prior criminal record, if any; the accused's conformity with the conditions of any previous bond; the existence of outstanding bonds, if any; and aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50; *Scott*, 122 S.W.3d at 869–70.

The record shows that Perez has previously been arrested for numerous misdemeanors, including possession of marijuana, criminal trespass, and theft. Perez testified that he had been out on bond in the past and had complied with the requirements of his previous bonds. The trial court was permitted to take this history into consideration. *See Rubac*, 611 S.W.2d at 849–50. The trial court could have reasonably concluded that Perez's repeated past criminal history worked against lowering his bail even though he testified that he had complied with bond conditions in the past.

### F.    No Abuse of Discretion

Affording due deference to the trial court's ruling and considering the nature of the offenses, the potential for lengthy sentences, and the safety of the victims and the community, we cannot say that the trial court acted arbitrarily or unreasonably by refusing to release Perez on a personal bond or by refusing to reduce Perez's bail from the total of $225,000 to the requested $30,000.  We hold that Perez has failed to demonstrate that the bail set is excessive or that the trial court abused its discretion.  *See Rubac*, 611 S.W.2d at 850; *Scott*, 122 S.W.3d at 868–69.

### V.  CONCLUSION

Having determined that the trial court did not abuse its discretion, we affirm the trial court's orders on Perez's motions to reduce bail.

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DAUPHINOT and GARDNER, JJ. concur without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 27, 2011