### Ex parte Wesley Wayne MILLER.

### No. 2–82–035–CR.

Court of Appeals of Texas,
Fort Worth.

April 14, 1982.

Discretionary Review Refused
July 14, 1982.

Jack Strickland, Bill Lane, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

Applicant, Miller, was indicted on February 9, 1982 for three offenses, one alleged murder and two alleged aggravated rapes. On that same day, applicant filed an application for a writ of habeas corpus alleging that the $400,000.00 bail required of him was excessive. A hearing was had on this application on February 11, 1982 and at the conclusion of the hearing, the trial court ordered bail reduced to an aggregate of $200,000.00; $100,000.00 in the cause alleging murder and $50,000.00 in each cause alleging aggravated rape. Applicant appeals on the grounds that the bonds set are contrary to law and excessive, and that bail should be reduced to a total amount not to exceed $25,000.00.

We deny the relief sought and affirm the order of the trial court setting bail in the total amount of $200,000.00.

V.A.C.C.P. art. 17.15 provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

The burden of proof is on the person seeking the reduction of bail to show that the bail set is excessive. *Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Cr.App.1980). An applicant is further required by the well settled rule in this State to show that an effort has been made *by the appellant* to furnish bail in the amounts fixed. *Ex parte Williams*, 467 S.W.2d 433 (Tex.Cr.App.1971).

Applicant contends that the record is clear that he has demonstrated as required that he "attempted to and could not make the bond in the amount fixed."

Applicant did not testify, nor was he required to do so. The testimony of Ronnie Long, a bailbondsman, is that he would make bail in the amount of $25,000.00. Ap-

plicant's mother testified that applicant cannot afford to make a bond and that all she can afford is a bond in the amount of $25,000.00.

■ This record is not unlike the one before the Court of Criminal Appeals in *Ex parte Williams, supra.* In that case, the applicant's mother testified that she and her husband had a little money and would try to raise the money for the amount of the bail bonds which had been set. This was not sufficient; it was incumbent on the accused (applicant) to show that *he* had made an effort to furnish bail in the amount set. And, "where bail is reduced upon habeas corpus hearing, before complaint can be heard on appeal as to the amount fixed, the accused must show that he has made an effort to furnish bail in that amount." *Ex parte Stembridge,* 472 S.W.2d 155 (Tex.Cr.App.1971). Additionally, the ability or inability of an accused to make bail does not alone control in determining the amount of bail. *Ex parte Herrera,* 608 S.W.2d 683 (Tex.Cr.App.1980). If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be.

■ Moreover, and contrary to applicant's contention that there was no evidence before the court as to aggravating circumstances, the indictments alleging the murder and the aggravated rapes were introduced into evidence and were before the trial judge for his consideration. This was proper. *Ex parte Outlaw,* 160 Tex.Cr.R. 367, 271 S.W.2d 665 (1954). All allege acts of extreme violence, each being punishable by a term of imprisonment of up to 99 years or life. Punishment is an element, along with the nature of the offenses charged and the circumstances of their commission, that can be considered in fixing bail. *Ex parte Ivey,* 594 S.W.2d 98 (Tex.Cr.App.1980). But, it is not necessary for the State to offer proof of the facts surrounding the commission of the offenses. *Ex parte Outlaw, supra.*

[6, 7] Finally, art. 17.15, *supra,* provides that the setting of bail is within the sound discretion of the trial court. We have reviewed the entire record and considered all factors, both favorable and unfavorable to the applicant. There is no precise standard for reviewing bail bond settings. *Ex parte Pemberton,* 577 S.W.2d 266 (Tex.Cr.App. 1979). We cannot find that the trial court abused its discretion in fixing bail in the three causes, one of which involves an alleged murder and two of which involve alleged aggravated rape.

We affirm the judgment of the trial court setting bail in the total amount of $200,000.00.