**Ex parte David RUIZ, Appellant.**

**No. 3-84-341-CR.**

Court of Appeals of Texas, Austin.

June 5, 1985.

Bob Looney, Austin, for appellant.

Ronald Earle, Dist. Atty., Paul Womack, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

This is an appeal from an order in a habeas corpus proceeding refusing to reduce the amount of bail bonds. The trial court set bail at $550,000 for six felony charges. We will modify the order and here order that the bail bonds be reduced.

On September 25, 1984, appellant was arrested based upon an indictment charging him with aggravated assault with a deadly weapon, and one count of possession of a firearm by a felon. Bond was originally set at $20,000. Thereafter, while in custody, appellant was indicted on five additional felonies. Four of these felony charges involved aggravated robbery, and one involved a charge of aggravated sexual abuse. In each of the five, the grand jury recommended that bond be set at $100,000. In each case, bond was set at that figure by the trial court. Subsequently, appellant was reindicted on the aggravated assault charge and the bond was raised on this offense to $50,000. This raised the total amount of bond to $550,000. Appellant's application for writ of habeas corpus was heard in December 1984, by the Honorable Byron McClellan, judge of the 52nd District Court of Coryell County, sitting at the request of a Travis County trial judge. The trial court refused to reduce appellant's bail. Thus, this appeal was filed.

Appellant argues three grounds of error: (1) that the trial court erred in refusing to permit appellant to develop testimony as to the likelihood of his conviction; (2) that the trial court erred in refusing to consider evidence to diminish the likelihood of his conviction; and (3) that the trial court abused its discretion in refusing to reduce the bonds in question. This ground of error is based upon appellant's contention that five of the six indictments arose out of a single transaction. Furthermore, in support of his third ground, appellant claims that he is a lifelong resident of Travis County, has strong community ties and was gainfully employed. Appellant complains that the court refused to consider this and other evidence of his defense. Appellant concludes that based on the evidence and testimony, bond should be reduced to $20,000 per case, or not more than a cumulative amount of $120,000.

The rules for fixing the amount of bail are statutory. Tex.Code Cr.P.Ann. art. 17.-15 (1977), provides, *inter alia*, that the amount is to be regulated by the court, judge or magistrate and governed by the exercise of his discretion under the Constitution, and shall be sufficiently high to give "reasonable assurance that the undertaking will be complied with." The nature of the offense and the circumstances under which it was committed are to be considered as well as the ability to make bail. *Id.*

The ability of an accused to make bail does not of itself control the amount of bail. *Ex Parte Gentry,* 615 S.W.2d 228 (Tex.Cr.App.1981); *Ex Parte Vance,* 608 S.W.2d 681 (Tex.Cr.App.1980). Bail should be set sufficiently high to reasonably assure appearances, but should not be used as an instrument of oppression and must be based on considerations of ability to make bail and the nature of the offense. *Ex Parte Davila,* 623 S.W.2d 408 (Tex.Cr.App.1981). In *Ex Parte Miller,* 631 S.W.2d 825 (Tex.App.1982, pet. ref'd), the defendant's bond was set at $200,000. A bail bondsman testified that he would make bail for the defendant in the amount of $25,000.

The defendant's mother testified that the defendant could not afford to make bail, but that she could make bail for him if it did not exceed $25,000. This, however, was held to be insufficient to demonstrate that the defendant had tried and failed to make the bond as set.

In the case at bar, the trial court heard evidence that appellant robbed four people and sexually assaulted one of them. At the time of the robbery he was armed. The victims identified him from an array of 49 photographs. Loot from the robbery was found in appellant's residence. Appellant is a habitual offender, facing punishments of 25 years to life on each of the six indictments. Furthermore, appellant has spent virtually his entire adult life in prison for various robberies. When released on parole, he left the state without knowledge or permission of the parole authorities.

The trial court gave appellant a reasonable opportunity to develop testimony concerning the factors to be considered in setting bail. Considerable evidence was presented by him and his family concerning his alibi defense. This Court has considered all the relevant factors, including the nature of the offenses and the circumstances under which they were committed, as well as the ability of appellant to make bail. We agree with the trial court that the ability of the appellant to make bail does not alone control. However, in light of the fact that five of the charges were related and stem from the offenses committed on September 15, 1984, we are of the opinion that bond should be reduced.

■ Taking into consideration the entire record before us, and the requirements of art. 17.15, *supra*, we conclude that bail of $550,000 is excessive in the six pending cases and accordingly order appellant's bail reduced. Appellant's bail for the four felony charges involving aggravated robbery and for the felony charge of aggravated sexual abuse is hereby ordered reduced to $70,000 for each indictment. Appellant's bail for the aggravated assault charge is hereby ordered reduced to $35,000.