# NO. 12-17-00213-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 7TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *TEVIN DILLARD* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tevin Dillard appeals from a trial court order reducing bail pending appeal. We affirm.

### BACKGROUND

Appellant was convicted of credit card or debit card abuse and sentenced to imprisonment for twenty-four months. He filed a timely notice of appeal and was released on a $50,000.00 bond.

About one month later, the trial court received a report that a urine sample provided by Appellant under the bond conditions indicated marijuana use. The trial court revoked the $50,000.00 bond and set the appeal bond at $150,000.00.

Appellant filed an application for writ of habeas corpus seeking a reduction of the bail amount. After a hearing, the trial court reduced the bail amount to $100,000.00. This appeal followed.

### BAIL ON APPEAL

On appeal, Appellant argues that the reduced bail amount is excessive under the Eighth and Fourteenth Amendments to the United States Constitution, Article I, Sections 11 and 13 of the Texas Constitution, and Articles 17.15 and 44.04(c) of the code of criminal procedure.

#### Standard of Review and Applicable Law

The United States and Texas Constitutions provide that "[e]xcessive bail shall not be required[.]" U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Pending the appeal from some

felony convictions, a trial court may admit a defendant to reasonable bail until his conviction becomes final. TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (West Supp. 2017). The trial court may impose reasonable conditions on such bail, and may revoke the bail on finding a violation of the conditions by a preponderance of the evidence. *Id.* The trial court may also increase or decrease the bail amount as it deems proper, either on its own motion or that of the State or defendant. *Id.* § 44.04(d) (West Supp. 2017).

A trial court's discretion in setting a bail amount is governed by the Constitution and the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* art. 17.15 (West 2015).

The primary objective of an appeal bond is to secure the appellant's apprehension if his conviction is subsequently affirmed. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981). Relevant factors in setting reasonable bail on appeal include the length of the sentence, the nature of the offense, work record, family ties, length of residency, ability to make the bond, prior criminal record, conformity with previous bond conditions, other outstanding bonds, and aggravating factors involved in the offense. *Id.* at 849-50. The burden of proof is on an applicant who claims that a bail amount is excessive. *Id.* at 849.

We review a trial court's ruling on a request for bail reduction under an abuse of discretion standard. *See id.* at 850. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

**Analysis**

Appellant contends that this Court should reverse the trial court's order setting his bail at $100,000.00 and set a "reasonable" bail amount based on the facts of his case. Appellant argues

that bail of $100,000.00 is excessive and oppressive. He asserts that he cannot make the bond even with assistance from family and friends.[1]

At the writ hearing, Appellant was the only witness. He testified that he was released on his original appeal bond on December 13, 2016. After his release, he lived rent free with his mother in Killeen, Texas. During his release period, Appellant earned $14.00 per hour at a construction job that he had held for about two years. He had no savings, property, vehicles, homes, real estate, or other sources of income. Appellant was responsible for buying his food and paying for an older model Pontiac Sunfire that his mother bought him.

Appellant testified that he was incarcerated on a bond violation on March 15, 2017. He had been confined for 105 days at the time of the hearing. Appellant was also currently on probation for a second degree felony conviction in Killeen.

Appellant further testified that he had no family members who were willing and able to loan him money for the bond. However, he had not asked his parents how much they could afford to contribute. He did not believe his parents owned property valued at $150,000.00, nor did he have any property valued at ten percent of $150,000.00. The prosecutor asked Appellant whether he had thought about selling the Sunfire to obtain funds for his bond. This exchange followed:

APPELLANT:    It's not in my name, sir. I don't know whose name it's in, so I can't put it up for my bond. Me, personally? No, I can't.

PROSECUTOR:  Did you ask your mother to?

APPELLANT:    I have not, yet, because I don't have a bond.

PROSECUTOR:  Say that last part.

APPELLANT:    I said I don't have a bond right now, so I don't know. I didn't ask her yet.

PROSECUTOR:  So you don't know what type of bond you could make, right?

APPELLANT:    I know my bond was $150,000, and I couldn't make that. No, sir, I couldn't.

PROSECUTOR:  Right. But do you know what you could afford—what type of bond you could afford?

APPELLANT:    Probably, I can—$50,000 or below.

---

[1] We note that while an appellant's ability to make bail is a factor in determining the reasonableness of the bail amount, this factor itself is not controlling. ***Ex parte Gentry***, 615 S.W.2d 228, 231 (Tex. Crim. App. [Panel Op.] 1981).

After reviewing the record, we cannot say that Appellant has carried his burden of showing that his bail amount is excessive. *See Ex parte Rubac*, 611 S.W.2d at 849. An applicant requesting a bail reduction is required to show that he has made an effort to furnish bail in the amounts fixed. *Ex parte Williams*, 467 S.W.2d 433, 434 (Tex. Crim. App. 1971); *Ex parte Miller*, 631 S.W.2d 825, 826 (Tex. App.—Fort Worth 1982, pet. ref'd). The evidence in this case tends to show that Appellant made no effort to furnish bail in the amount of $150,000.00. After considering all of the evidence, including the facts that Appellant was convicted of credit or debit card abuse in this case, was on probation for a prior second degree felony, and failed to comply with the conditions of a $50,000.00 bond by testing positive for marijuana use a month after his release, we conclude that the trial court did not abuse its discretion by reducing Appellant's bail amount from $150,000.00 to $100,000.00. *See Ex parte Rubac*, 611 S.W.2d at 849-50; *Montgomery*, 810 S.W.2d at 380. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order reducing bail to $100,000.00.

GREG NEELEY
Justice

Opinion delivered December 6, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### DECEMBER 6, 2017

### NO. 12-17-00213-CR

### EX PARTE:  TEVIN DILLARD

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0815-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the order of the trial court.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order reducing bail to $100,000.00 **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*