**Affirmed and Memorandum Opinion filed December 29, 2020.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-20-00467-CR**
**NO. 14-20-00468-CR**
**NO. 14-20-00469-CR**

**EX PARTE JAMIN STOCKER**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1643380, 1643381, and 1643382**

## M E M O R A N D U M    O P I N I O N

Appellant Jamin Stocker applied for writs of habeas corpus asking the court to lower his bail from $500,000 to $20,000 in each of three cases: aggravated assault with a deadly weapon,[1] capital murder,[2] and murder.[3] The trial court denied relief. On appeal, appellant contends the trial court abused its discretion by not lowering bail to $20,000 in each case. We affirm.

---

[1] Appeal number 14-20-00467-CR, habeas trial number 1643380, offense trial number 1562639.
[2] Appeal number 14-20-00468-CR, habeas trial number 1643381, offense trial number 1585987.
[3] Appeal number 14-20-00469-CR, habeas trial number 1643382, offense trial number 1601867.

BACKGROUND

## A.	State's allegations against appellant

The indictment for aggravated assault with a deadly weapon alleges that on August 21, 2017, appellant shot Brent Tapp in the leg from the second floor of a nearby apartment building. Tapp identified appellant in a photo array. Shortly after the shooting, appellant left Houston and went to Atlanta, allegedly to evade arrest, and he returned to Houston around two months later. The indictment for capital murder alleges that on November 7, 2017, appellant shot and killed Tapp in retaliation for or to obstruct prosecution of the aggravated assault with a deadly weapon charge. The indictment for murder alleges that while investigating the first shooting, police discovered a rifle in appellant's apartment that was allegedly used to murder Charlotte Walker in March 2016.

## B.	First bail proceedings

As of August 2019, bail had been set at $500,000 in each of the three cases. Appellant applied for habeas relief asking to be released on a personal bond or for the trial court to set bail to an unspecified amount "that defendant can make." The trial court held a hearing on appellant's applications and denied relief. Appellant appealed, asking this court to set bail at $20,000 in each case.[4] We held appellant was not entitled to a personal bond. However, because the record contained no evidence to support either the $500,000 bail the trial court set or the $20,000 bail appellant requested, we remanded the cases to allow the parties to present evidence and argument to assist the trial court in setting reasonable bail and release conditions. *See Ex parte Stocker*, Nos. 14-19-00661-CR, 14-19-00662-CR, 14-19-00663-CR, 2020 WL 2614620 (Tex. App.—Houston [14th Dist.] May 22, 2020, no pet.) (mem.

---

[4] Appeal numbers 14-19-00661-CR (aggravated assault), 14-19-00662-CR (capital murder), and 14-19-00663-CR (murder).

op., not designated for publication).

### C.    Bail proceedings on remand

The trial court conducted a bail hearing on remand. Appellant testified. The documentary evidence included appellant's mother's affidavit, the charging instruments in all three cases, and a police officer's sworn statement regarding the capital murder charge.

Appellant was 36 years old at the time of the second bail hearing. He had lived in Harris County for approximately 12 years. His family in the Houston area includes an unspecified number of siblings. His mother lives in Austin, and the record does not indicate where his father lives.

Appellant said neither he nor his family can afford the bond on the $500,000 bail set in each case (a total of $1.5 million), either in cash or collateral. He has been in jail since January 2018, when he was arrested for aggravated assault with a deadly weapon, and has been unable to earn an income during his incarceration. He testified his family could afford to pay the bond on $20,000 bail in each case, for a total of $60,000 bail.

Appellant's mother's affidavit was to the same effect. She also said she would pay any expenses associated with appellant's release and ensure he abided by all conditions of his release.

Appellant's criminal history includes convictions in 2002 and 2004 in Georgia for possession of marijuana and driving under the influence, a 2007 conviction for unlawful carrying of a weapon, a 2013 conviction for obstructing a highway, and a 2017 conviction for possession of a prohibited weapon. Since his incarceration, appellant had been found guilty of at least one disciplinary infraction (possession of a lighter).

The trial court lowered the bail in the aggravated assault case to $200,000 and left bail in the other two cases at $500,000 each. The judge explained her reasoning:

> I've considered all of the evidence that has been presented as well as the arguments. I'm aware that . . . there hasn't been any direct testimony on the facts of this case and this [has] all been presented through documentation and essentially hearsay.

> However, the charges and the accusations are extremely serious. I do understand that Mr. Stocker has limited means and the amount that he and his family can reach is $60,000 total or about 20,000 on each case. I understand that there are certain limitations that I can put on Mr. Stocker such as GPS monitor, however, I'm also aware of the limitations of that [are] that it does not prevent somebody's movement and the Court is only aware or only becomes aware of any sort of violation one to two, sometimes three or four days after the fact.

> I believe that given everything that I've heard, the bond on the capital murder case is going to remain at 500,000, the bond on the murder case is going to remain at 500,000. . . . I will reduce the bond on [the aggravated assault case] . . . to 200,000.

## ANALYSIS

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The amount of bail required in any case is within the discretion of the trial court, subject to the following rules:

1. The bail shall be sufficiently high to give reasonable assurance of compliance with the undertaking.

4

2. The power to require bail is not to be so used as an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

In addition to these rules, case law provides that courts may consider the following set of factors: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50. The trial court may also consider whether the defendant is a citizen of the United States. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 n.2 (Tex. Crim. App. [Panel Op.] 1980); *Dupuy*, 498 S.W.3d at 230.

**Sufficiently high to assure appearance but not oppress**

Bail needs to be sufficiently high to give reasonable assurance that the defendant will appear. When bail is set so high that a person cannot realistically pay it, however, the trial court essentially "displaces the presumption of innocence and replaces it with a guaranteed trial appearance." *Dupuy*, 498 S.W.3d at 233 (quoting *Ex parte Bogia*, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

Appellant has ties to the community; he has resided in Harris County for more than a decade, and he has some siblings in the area. However, there is no evidence

about appellant's relationship with his local family. The record indicates he is homeless, and there is no evidence appellant would have a place to live in Harris County if he were released on bail. His mother, who has pledged to support him financially and otherwise if he is released, lives in Travis County. Further, appellant went to Georgia for two months following his alleged shooting of Tapp. The trial court could reasonably consider the availability of these out-of-county and out-of-state safe harbors as it considered whether to decrease bail.

**Nature and circumstances of offense**

The primary factors to be considered in assessing the reasonableness of bail are the nature of the offense and the punishment that may be imposed. *Rubac*, 611 S.W.2d at 849. When the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be sufficiently high to secure the defendant's presence at trial. *Dupuy*, 498 S.W.3d at 230. But a defendant is presumed innocent of all charges, and a trial court must balance that presumption with the State's interest in assuring the defendant's appearance for trial. *Id.*

Appellant is charged with capital murder, murder, and aggravated assault with a deadly weapon. He faces automatic life imprisonment without the possibility of parole on the capital murder charge. Tex. Penal Code §§ 12.31(a), 19.03(b). If found guilty of murder, he can be sentenced from five to 99 years or life in prison. *Id.* §§ 12.32(a), 19.02(c). Aggravated assault with a deadly weapon as charged in this case is a second-degree felony and carries a term of two to 20 years' imprisonment. *Id.* §§ 12.33(a), 22.02(b). If an affirmative finding is made that appellant used or exhibited a firearm, he will have to serve more of his sentence before he is eligible for parole than he would without such a finding. *See* Tex. Gov't Code § 508.145(d)(2). Recent opinions from our sister courts support a finding that $500,000 is reasonable bail in a capital murder or murder case, and $200,000 is

reasonable bail for aggravated assault with a deadly weapon.[5]

**Ability to make bail**

To demonstrate inability to make bail, a defendant generally must establish his and his family's funds have been exhausted. *Dupuy*, 498 S.W.3d at 234. If he does not make that showing, a defendant must usually show he made an unsuccessful effort to furnish bail before bail can be determined to be excessive. *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The accused's ability to make bail is only one factor to be considered in determining the appropriate amount of bail. *Dupuy*, 498 S.W.3d at 234. "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Id.* (quoting *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd)).

The uncontested evidence shows appellant and his family cannot afford the bonds on the bail amounts currently set. The trial judge acknowledged that fact in explaining why she would not reduce bail to the requested amount. We note, though,

---

[5] *E.g.*, *Ex parte Lee*, No. 13-20-00021-CR, 2020 WL 2988644 (Tex. App.—Corpus Christi June 4, 2020, no pet.) (mem. op., not designated for publication) (**murder, $1,000,000**); *Ex parte Garner*, No. 10-18-00129-CR, 2018 WL 3469834 (Tex. App.—Waco July 18, 2018, no pet.) (mem. op., not designated for publication) (**felony murder, $1,000,000**); *Ex parte Cardenas*, 557 S.W.3d 722 (Tex. App.—Corpus Christi 2018, no pet.) (**capital murder,** $750,000); *Ex parte Jones*, Nos. 10-18-00387-CR, 10-18-00388-CR, 10-18-00389-CR, 2019 WL 1388746 (Tex. App.—Waco Mar. 27, 2019, no pet.) (mem. op., not designated for publication) (**aggravated assault of a public servant, $250,000**); *Ex parte Hanson*, No. 03-18-00795-CR, 2019 WL 1065897 (Tex. App.—Austin Mar. 7, 2019, no pet.) (mem. op., not designated for publication) (**aggravated assault with a deadly weapon, $200,000**).

This court recently upheld a $1,000,000 bail for a defendant who had already been found guilty of murder and was awaiting a new trial on punishment. *Ex parte Temple*, 595 S.W.3d 825 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd). A primary factor in upholding bail in that case was that the defendant no longer enjoyed the presumption of innocence. *See id.* at 829.

that appellant offered no evidence of an unsuccessful effort to furnish bail.

**Future safety of victims and community**

The record is silent about the circumstances of the shooting of Charlotte Walker. It is not silent, though, about the two shootings of Brent Tapp. According to a police officer's sworn statement, appellant's cell phone contained messages in which appellant admitted he shot Tapp the first time and suggested his motive was to solve problems appellant was having with "homeless drug addicts" near his house. Then, Tapp was shot and killed two months later, not long after appellant returned to Houston. The trial court could reasonably question whether appellant intended to kill Tapp the first time but missed, or whether appellant did not intend to kill Tapp in the first shooting but decided to kill him once it was clear appellant would be prosecuted for the first shooting. Both possibilities suggest appellant poses a significant danger to the community.

Appellant is entitled to the presumption of innocence in all three cases. Even affording appellant that presumption, the trial court could reasonably decide the allegations regarding the circumstances of the two Tapp shootings evinced sufficient danger to the community to deny appellant's request to lower bail.

***Rubac* factors**

*Appellant's work record.* There is no evidence about appellant's work history before he was jailed in January 2018.

*Appellant's family and community ties.* As discussed above, appellant has family ties to Harris County and Travis County. He also appears to have ties to Georgia.

*Length of appellant's residency.* Appellant moved to Houston in his mid twenties and has lived in the area for 12 years.

8

***Appellant's prior criminal record.*** Appellant has several convictions, including two from more than 15 years before the events at issue in this case. It is not clear which, if any, of his convictions were for felonies. It appears none of the convictions involved a crime of violence.

***Other bonds.*** There is no evidence that appellant was out on bond for another charge at the time he allegedly committed any of the three offenses at issue.

***Aggravating circumstances in the charged offenses.*** The record supports inferences that appellant shot Tapp once, then shot and killed him two months later, either to "finish the job" or to obstruct the prosecution for the first shooting.

We conclude appellant has not shown the trial court abused its discretion in denying his habeas application to reduce bail.

## CONCLUSION

We affirm the trial court's denial of appellant's habeas applications.


/s/    Frances Bourliot
       Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b)