

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————

No. 07-20-00152-CR
No. 07-20-00153-CR

———————————

## EX PARTE CHRISTOPHER MCMANUS

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court Nos. 12,053 & 12,099; Honorable Dan Mike Bird, Presiding

January 26, 2021

Before PIRTLE, PARKER, and DOSS, JJ.

## OPINION

These appeals arise from the trial court's May 21, 2020 order granting Christopher McManus's *Application for Writ of Habeas Corpus and Motion to Set Reasonable Bond* and setting McManus's bond at $200,000 in trial court cause number 12,053 involving the charge against McManus for felony evading arrest and $200,000 in trial court cause number 12,099 involving the charge against McManus for failure to appear for jury trial. McManus challenges that order, arguing the bail bond amounts are excessive. Finding the trial court did not abuse its discretion, we deny the habeas relief requested.

## BACKGROUND

McManus was charged with felony evading arrest in cause number 12,053.[1] That matter was called for trial in April 2016. McManus failed to appear at that trial and, as a result, was charged with failure to appear in cause number 12,099.[2] In March 2019, McManus was arrested and held awaiting trial on both causes in the Wilbarger County Jail. In April 2020, McManus filed with the district court an *Application for Writ of Habeas Corpus and Motion to Set Reasonable Bond* in each cause with a brief in support thereof. Through that application, McManus sought to either be released from jail on a personal recognizance bond or have his bail reduced to $10,000 in each cause.

As support for McManus's belief that he was entitled to the relief he sought, he asserted (1) he had been unlawfully restrained for more than a year, (2) he was charged with the nonviolent offenses of felony evading arrest with a motor vehicle and failure to appear for jury trial, (3) his restraint was illegal because he was entitled to a reasonable bond under articles 1.07 and 11.24 of the Texas Code of Criminal Procedure, article I, sections 11 and 13 of the Texas Constitution and the Eighth Amendment to the United States Constitution, (4) his health is in jeopardy as a result of the COVID-19 outbreak and pandemic, due to his pre-existing health conditions of degenerative bone disease, high blood pressure, and severe migraines, for which the Wilbarger County Jail is unprepared to manage, and (5) he has limited financial resources and as such, is only able to raise the funds required to post bond for $10,000 in each cause through a professional bondsman.

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2019).

[2] TEX. PENAL CODE ANN. § 38.10 (West 2019).

2

The district court granted McManus's application and motion and set bail at $200,000 in each cause. McManus nevertheless still challenges that bail as excessive.

**ANALYSIS**

Bail "is the security given by the accused [to insure] that he will appear and answer . . . the accusation brought against him . . . ." TEX. CODE CRIM. PROC. ANN. art. 17.01 (West 2015). An appellate court reviews a trial court's ruling regarding bail under an abuse of discretion standard. *Id.* at art. 17.15; *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). In setting the amount of bail, or the conditions thereof, a trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd). As such, a reviewing court will not disturb a decision of the trial court if it is within the zone of reasonable disagreement. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.).

The primary purpose of an appearance bond is to secure the accused's presence at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Ex parte Hunt*, 138 S.W.3d at 505. A trial court should set bail high enough to reasonably assure that the defendant will have the incentive to appear at trial, but not so high that it operates as an instrument of oppression. TEX. CODE CRIM. PROC. ANN. art. 17.15; *Ex parte Hunt*, 138 S.W.3d at 505. Federal and state law both prohibit the imposition of excessive bail. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, §§ 11, 13.[3]

---

[3] The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Per article I, section 11, "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident[.]" TEX. CONST. art. I, § 11. Article 1, section 13 provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

In a proceeding seeking a reduction in the amount of pretrial bail, the accused bears the burden of proof to show that the bail is excessive. *Ex parte Hunt*, 138 S.W.3d at 505-06. *See also Ex parte Jefferson*, No. 07-20-00123-CR, 2020 Tex. App. LEXIS 5749, at *6 (Tex. App.—Amarillo July 23, 2020, no pet.) (mem. op., not designated for publication).

In determining a bond amount, the trial court should consider factors such as the accused's ability to make bail, work record, family ties, length of residency, prior criminal record, compliance with the provisions and conditions of any previous bond. TEX. CODE CRIM. PROC. ANN. art. 17.15; *Ex parte Hunt*, 138 S.W.3d at 506. The trial court should also consider the existence of outstanding bonds, any aggravating circumstances alleged to have been involved in the charged offense, the nature of the crime, circumstances under which it was committed, the accused's potential sentence, and the future safety of a victim of the alleged offense as well as the safety of the community. TEX. CODE CRIM. PROC. ANN. art. 17.15; *Ex parte Hunt*, 138 S.W.3d at 506.

McManus argues that the $200,000 bail set in each cause is excessive and is being used both as punishment and as an instrument of oppression. As support for his position that the bonds are excessive, he argues he stands charged of two non-violent third degree felonies of which there were no victims (evading arrest and bail jumping). Thus, he contends, there is no danger or threat to the community. He further argues he has been imprisoned in the Wilbarger County jail without a bond from March 2019 until May 2020, and since then under bonds he argues are excessive. Further, while he understands the trial court considered his failure to appear at trial in determining the appropriate amount of bail, he argues he is innocent until proven guilty and the trial court had the means by which to order less invasive measures to ensure his appearance at

trial, i.e., house arrest and/or electronic monitoring. *See Ex parte Wilson*, No. 01-00-00140-CR, 2000 Tex. App. LEXIS 4660, at *6 (Tex. App.—Houston [1st Dist.] July 12, 2000, no pet.) (mem. op., not designated for publication) (noting as a factor to consider the defendant's willingness to be electronically monitored). While this argument has the potential of being persuasive due to the unprecedented delays in trial being experienced due to the COVID-19 pandemic, McManus has not provided any evidence supporting his position on these points and the record before us contains none. While trial courts must be innovative in dealing with the delicate balance between an accused's right to be released on reasonable bail pending trial and the unparalleled delays courts are experiencing in the trial of pending offenses, a trial court cannot be faulted for failing to use an alternative that is not supported by the record any more than it can be faulted for failing to invent a solution that does not exist.

McManus also asserts that he is indigent, has been incarcerated for more than a year and a half, and has not been able to work and earn money. McManus points to his stable work record and his strong family ties to the community as additional support for his argument that the bail amounts set here are excessive. Notwithstanding his arguments, he has not provided evidence concerning his work record, his family ties, or any specific ties to the community from which the trial court could determine the sufficiency of such to assure his appearance at trial. *See Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.) (discussing need for specificity regarding these factors).

McManus also contends that while neither he nor his family can possibly make combined bail of $400,000, his family is able to assist him in making a combined $25,000

bail. However, the accused's ability to make bail is only one factor to be considered in determining the appropriate amount of bail. *Id.* Merely because a defendant cannot meet the bond set by the trial court does not automatically render the bond excessive. *Id.* "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be." *Id.* (citing *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd)). McManus has not provided any further information concerning his or his family's ability to make bond. *See Ex parte Scott*, 122 S.W.3d at 870 (noting same). To demonstrate an inability to make bail, a defendant generally must establish that his funds and his family's funds have been exhausted. *Ex parte Hopkins*, Nos. 03-19-00695-CR, 03-19-00715-CR, 2020 Tex. App. LEXIS 6685, at *7 (Tex. App.—Austin Aug. 20, 2020, no pet.) (mem. op., not designated for publication) (citations omitted). "Moreover, a bail reduction is not favored when the defendant makes vague references to inability to make bail without detailing his specific assets and financial resources." *Id.* The lack of evidence before us, then, weighs in favor of a finding that the bails set are not excessive. *See Ex parte Robles*, No. 14-20-00317-CR, 2020 Tex. App. LEXIS 8495, at * 8-9 (Tex. App.—Houston [14th Dist.] Oct. 29, 2020, no pet.) (mem. op., not designated for publication) (noting that the appellant did not meet his burden of proof because he did not establish that his family's financial resources had been exhausted and had not offered any evidence of an unsuccessful effort to furnish bail).

McManus also asserts that the jail stopped all in-person visits due to the COVID-19 pandemic and thus, he has been able to communicate with counsel only by phone and by letters. He expressed concern about thoroughly preparing for trial through these means as all calls are recorded and limited by jail policies and it is difficult to fully

communicate via written letter. He asserts this is violative of statutory and constitutional rights above and beyond his right to be free of excessive bails, thus weighing in favor of reducing his bail in each cause. We do not agree this circumstance weighs particularly heavily in McManus's favor.

Lastly, McManus brings to the attention of this court his recent medical history. A doctor discovered a potentially cancerous tumor on McManus's leg. McManus contends that if it is determined to be cancer, he will require expensive treatment that the sheriff in Wilbarger County has expressed an inability or unwillingness to provide. Further, McManus suffers from other medical conditions he claims make him more vulnerable during the COVID-19 pandemic for which the Wilbarger County Jail is unequipped to fully handle or mitigate. The Fourteenth Court of Appeals, sitting in Houston, recently addressed a similar contention. *See Ex parte Robles*, No. 14-20-00317-CR, 2020 Tex. App. LEXIS 8495, at * 13. It cited a case from the Ninth Court of Appeals, sitting in Beaumont, that rejected a claim that bail should be reduced due to the defendant's health condition. *Ex parte Corona*, Nos. 09-18-00166-CR through 09-18-00172-CR, 2018 Tex. App. LEXIS 7816, at * 9-10 (Tex. App.—Beaumont Sept. 26, 2018, no pet.) (mem. op., not designated for publication). The court in *Robles* concluded that a trial court may consider any evidence of such claims under the existing factors, if such evidence is indeed presented. However, it determined that given the "scant evidence regarding the actual risk to appellant," it was not compelled to grant a reduction in bail. We find the same to be true here as Appellant has provided no evidence of his medical conditions nor any evidence of whether or how the jail's COVID-19 procedures would be insufficient to protect him. *See Ex parte Robles*, 2020 Tex. App. LEXIS 8495, at *14. While this court

is sympathetic to McManus's situation, we cannot say his condition weighs in favor of reducing the amount of his bail.

Based on the record before us, it is reasonable to assume that, if released on a reduced amount of bail in each cause, McManus might not appear for court when summoned as he did previously. Nearly three years lapsed from the time McManus failed to appear for trial to the time he was arrested. Because this is a significant indicator of future conduct and because we do not find the other factors weigh sufficiently in favor of reducing the amount of bail set by the trial court, particularly given the lack of evidence presented in the record, we cannot say the trial court abused its discretion in setting McManus's bail at the amounts it did. Accordingly, we resolve McManus's issue against him.

### CONCLUSION

Considering the record evidence in the light most favorable to the trial court's ruling and measuring the court's ruling against the applicable criteria, we conclude the court did not abuse its discretion by setting bail at $200,000 in each cause. Accordingly, we deny the request for habeas relief.

Per Curiam

Publish.

8