

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§
§
§
§
§
§
§

No. 08-22-00229-CR

Appeal from the

168th District Court

Of El Paso County, Texas

(TC#20170D00969)

EX PARTE: MOISES GALVAN,

Appellant.

## OPINION

Appellant Moises Galvan is charged with murder and aggravated assault with a deadly weapon, a firearm, in relation to a shooting outside of an El Paso, Texas bar on January 29, 2017. TEXAS PEN. CODE ANN. §§ 19.02, 22.02. After his first trial ended in a mistrial, Galvan filed an application for a writ of habeas corpus requesting that the trial court reduce his bail. Galvan now appeals the trial court's denial of that request. Finding the trial court did not abuse its discretion, we affirm.

## BACKGROUND

We outlined in detail the facts related to Galvan's case in *Ex parte Galvan*, No. 08-22-00096-CR, 2022 WL 16630942 (Tex. App.—El Paso Nov. 2, 2022, pet. ref'd) (not designated for

publication). Consequently, here we only provide the facts relevant to his request for a reduction in bail.

As we stated in our initial case, a grand jury indicted Galvan for murder and aggravated assault with a deadly weapon, a gun, for a January 29, 2017, shooting that resulted in bodily injury to David Ortega and the death of Rogelio Franco. A jury trial that lasted for over three weeks in 2019 ended in a mistrial. The trial court subsequently denied Galvan's application for a writ of habeas corpus in which he argued the Double Jeopardy Clause of the Fifth and Fourteenth Amendments of the United States Constitution barred the State from re-trying him. While his appeal of that application was pending, Galvan filed a second application for a writ of habeas corpus arguing his $850,000.00 bail was excessive, and requested the trial court to set it at a reasonable amount or release him on a personal recognizance bond.

Galvan testified before the trial court in support of his request for a reduction in bail. He told the trial court he had been in continuous custody for five years and ten months. And that he was currently indigent and neither he nor his family were able to post the $850,000.00 bail. Galvan also testified he would live with his grandfather in El Paso if he were able to post bail. On cross examination, Galvan admitted he had been accused of breaking out of his jail cell and starting a fight "several years ago" while in custody. No other evidence—other than an El Paso County jail record confirming his length of time in custody—was presented in his favor during the hearing.

The trial court orally denied Galvan's request to lower his bail and issued a written order of denial later the same day. This appeal followed.

## DISCUSSION

### A.    Issues

Galvan's sole issue on appeal is whether the trial court erred in denying his request to lower his bail.

### B.    Standard of Review

"We review a trial court's pretrial bail determination under an abuse of discretion standard." *Ex parte Cardenas*, 557 S.W.3d 722, 729 (Tex. App.—Corpus Christi-Edinburg 2018, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981)). A trial court abuses its discretion if it acts without reference to guiding rules or principles; "in other words, when the trial court acts in an arbitrary and unreasonable manner." *Id.* at 730 (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc)). "We will reverse the trial court's order only if it is outside the zone of reasonable disagreement." *Ex parte Carter*, 621 S.W.3d 355, 358 (Tex. App.—San Antonio 2021, no pet.). "While a court is permitted to exercise its discretion in setting bail, a reviewing court is guided by the parameters set out in the Texas Code of Criminal Procedure." *Ex parte Cardenas*, 557 S.W.3d at 730.

### C.    Applicable Law

The right to be free from excessive bail is protected by both the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. "The chief purpose of bail is to secure the presence of the defendant in court for trial." *Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "Determining the appropriate bail amount is a balancing act 'between the defendant's presumption of innocence and the State's interest in assuring the defendant's appearance at trial.'" *Ex parte Cardenas*, 557 S.W.3d at 730 (quoting *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, no pet)).

3

Article 17.15 of the Texas Code of Criminal Procedure provides courts with seven factors to consider while doing this balancing act: (1) that the bail and any conditions of bail be sufficient to ensure compliance; (2) that bail is not used as an instrument of oppression; (3) the nature of the offense the defendant is accused of having committed and the circumstances under which it was allegedly committed; (4) the defendant's ability to make bail; (5) the future safety of any victims and the community; (6) the defendant's criminal record; and (7) the defendant's citizenship status. TEX. CODE CRIM. PROC. art. 17.15(a); *see also Ex parte Cardenas*, 557 S.W.3d at 730. In addition to the factors provided in Article 17.15, the trial court may consider other things such as the defendant's family and ties to the community, his length of residency, his work record, conformity with previous bond conditions, other outstanding bonds, and aggravating circumstances alleged to have been involved in the charged offense.[1] *Ex parte Cardenas*, 557 S.W.3d at 730 (citing *Ex parte Rubac*, 611 S.W.2d at 849-50)). The primary factors to be considered are the nature of the alleged offense and the length of the potential sentence. *Rubac*, 611 S.W.2d at 849. The burden of proof is on the defendant to show the bail as set is excessive. *Id.*

**D.     Analysis**

Galvan asserts two arguments in support of his claim the trial court erred in denying his request for a reduction in bail. First, he claims his bail should have been reduced based on the factors outlined in Article 17.15. Second, he claims the trial court should have released him on a personal recognizance bond as required by Texas Code of Criminal Procedure 17.151 because the

---

[1] Galvan argues the Court should only consider the seven factors outlined in Texas Code of Criminal Procedure Article 17.15 in assessing whether the trial court abused its discretion in denying his request for a reduction in bail. Specifically, he claims that because there is no common law in Texas criminal law, the common-law factors outlined outside of Article 17.15 should be ignored. The Texas Court of Criminal Appeals, however, has held that courts should consider the additional factors when assessing bail. *Ex parte Rubac*, 611 S.W.2d at 849-50. And we are bound by the opinions of that court. *See Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) ([A]s an intermediate appellate court we are bound to follow the pronouncements of the court of criminal appeals.").

State was not prepared to try the case within 90 days of the declaration of the mistrial. We are not persuaded by either argument.

### 1.    *Article 17.15 factors*

Galvan presented four evidentiary facts in support of his position: (1) he had been continuously in custody for approximately five years and ten months ]; (2) his bail was set at $850,000.00; (3) neither he nor his family could afford to post the $850,000.00 bail; and (4) he could live with his grandfather in El Paso if released on bail. Based on this record, the Court cannot assess most of the Article 17.15 factors. This is demonstrated by Galvan's brief to this Court, which primarily asserts factually unsupported legal conclusions in support of his position. For example, in regards to the whether the bail is an instrument of oppression, Galvan concludes without factual or legal support that "[t]he bond as currently set is being used an instrument of oppression." He also argues the "record is devoid" of evidence that Galvan "is a future danger to the community, "has a criminal [record]," or that he is "none other than a United States Citizen." Yet, Galvan, as the requesting party, had the burden of presenting evidence to show these factors favored his position that the bail as set is excessive. *Rubac*, 611 S.W.2d at 849. He did not meet his burden.

Galvan did testify that he is unable to post bail. Consequently, the fourth Article 17.15 factor—the ability to make bail—does favor his position. But standing alone, Galvan's inability to make bail does not render the bail as set excessive or oppressive. *Ex parte Cardenas*, 557 S.W.3d at 734. "To hold otherwise would be to turn the trial court into a spectator at bond hearings." *Id.* (citing *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd)). "The defendant would be in the position to determine the amount of his bond" by telling

the court what he could or could not afford. *Id.* Consequently, the defendant's ability to make bail must be weighed against the other factors set out in Article 17.15. *Id.*

Further, while Galvan did not provide any legal support for his conclusion that "[t]he bond as currently set is being used as an instrument of oppression," we are permitted to compare the amount of the bail in relation to bail set in other cases for similarly charged crimes. *Id.* at 732. And we find the $850,000.00 bail here is at a level comparable to bail in similar cases. *See Ex parte Lucas*, No. 06-20-00127-CR, 2021 WL 1181202, at *1 (Tex. App.—Texarkana March 30, 2021, no pet.) (not designated for publication) (holding the trial court did not abuse its discretion in refusing to reduce a $1,000,000.00 bond in a first-degree murder case); *Ex parte Murray*, Nos. 02-13-00151-CR, 02-13-00152-CR, 02-13-00153-CR, 2013 WL 5425312, at *1 (Tex. App.— Fort Worth Sept. 26, 2013, no pet.) (mem.op.) (per curiam) (not designated for publication) (holding the trial court did not abuse its discretion in refusing to reduce a $750,000.00 bond in an aggravated assault with a deadly weapon case).

Finally, the primary factors to be considered in assessing the reasonableness of bail are the nature of the alleged offense and the possible punishment that could be imposed if convicted. *Ex parte Cardenas*, 557 S.W.3d at 733. While Galvan did not present any evidence regarding the the nature of the offense he is accused of, our prior opinion in this matter, which is part of the appellate record here, shows he is charged with murder and aggravated assault with a deadly weapon for shooting two people—one of whom died—outside of an El Paso bar. He faces a potential life sentence if convicted of murder and up to twenty years in prison if convicted of the aggravated assault charge. TEX. PEN. CODE ANN. §§ 19.02, 12.32(a), 22.02, 12.33(a). The violent nature of Galvan's alleged actions and the possible life sentence he is facing if convicted support the trial court's $850,000.00 bail determination. *See Ex parte Cardenas*, 557 S.W.3d at 733-34 (finding a

6

trial court did not abuse its discretion in refusing to lower a $750,000.00 bond in a capital murder case in which the defendant was facing a possible life sentence.).

In sum, we find the trial court's refusal to lower Galvan's bail from $850,000.00 was not outside the zone of reasonable disagreement. *Ex parte Carter*, 621 S.W.3d at 358. While Galvan presented evidence he could not afford to post bail, he did not present any factual support showing the other Article 17.15 factors favor his position. Further, the $850,000.00 bail is comparable to bail set in similar cases. And the violent nature and potential life sentence Galvan faces support the trial court's determination. Consequently, we hold the trial court did not abuse its discretion in refusing to reduce Galvan's bail.

### 2.    *Article 17.151*

Galvan also argues the trial court should have released him on a personal recognizance bond under Texas Code of Criminal Procedure 17.151 because the State was not prepared to try the case within 90 days of the declaration of the mistrial. Galvan, however, did not make this argument to the trial court. He only argued the bail was too high and he was entitled to a reduction. Consequently, Galvan did not properly preserve this issue for appeal. *Lehman v. State*, No. C14-94-00405-CR, 1994 WL 592086, at *1 (Tex. App.—Houston [14th Dist.], no pet.) (not designated for publication).

## CONCLUSION

For the mentioned reasons, we find the trial court did not abuse its discretion in denying Galvan's request for a reduction in bail. As a result, we overrule Galvan's sole issue on appeal.


YVONNE T. RODRIGUEZ, Chief Justice

7

March 16, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)